Field v. Hudson, 19 N. M. 89.

(No. 1651, May 4, 1914)

MARY LESTER FIELD, Appellant, vs. CLARENCE A. HUDSON, Appellee.

### SYLLABUS BY THE COURT.

1. Where two town lots were owned in common, and were susceptible of being divided by giving each of the parties a lot, of equal value, owelty of partition will not be granted because one of the lots had a peculiar value to one of the co-tenants, to whom it was allotted.

P. 91

Appeal from the District Court, Bernalillo County; Herbert F. Raynolds, Presiding Judge. Reversed.

H. B. CORNELL, Albuquerque, N. M., for Appellant.

A sale cannot be decreed where a partition in kind is legally possible. Sub-Secs. 266, 271, 272, Chap. 107, Laws of 1907; 76 Fed. 58-59; 24 Pac. 164; 3 Pomeroy Eq. Jurisp., Sec. 1390; 81 Pac. St. 123; 99 Am. St. Rep. 220; 57 Am. Dec. 198; 40 La. Ann. 571; 19 Wend. 226; 37 N. C. 607; 5 N. Y. Supp. 749; 41 Conn. p. 12; 6 App. D. C. 484; 72 Pac. 933; 2 Barb. 599; 113 Am. St. Rep. 151; Knapp on Partition, pp. 326-6; 2 Barb. 599; 10 Paige Ch. 470.

Burden of showing necessity for sale, rather than a partition by metes and bounds, is on him who seeks sale. 59 W. Va. 353; 6 App. D. C. 484; 26 Gratt 517; 72 Pac. 933; 30 So. 257; 53 S. E. 466; 37 N. C. 607; 69 N. C. 522; 49 Conn. 517; 37 N. C. 607; 11 Heisk (Tenn.) 699; 3 So. 581; Freeman on Co-tenancy and Partition, Sec. 537, p. 713.

In partition in kind, land will be awarded to party whose land it adjoins. 21 A. & Eng. Ency. L. (2 Ed.) 1164-5; 33 Fed. 397; 24 R. I. 222; 30 Cyc. 257; 21 N. J. Eq. 311; 1 Youngs & C. 538; 7 B. Mon. 90; 8 Bush. 334; 60 Neb. 464.

This is not a case for payment of owelty. 2 Bouvier's Law Dic. 343; 30 Cyc. 361, 362; 96 Am. St. Rep. 711.

E. W. DOBSON, Attorney for Appellee.

Commissioners appointed by court under provisions of Chapter 107 of Laws 1907 were without authority to make a report setting forth prejudice to estate by partition and equalizing same by allowance of owelty to defendant. 49 Am. St. Rep. 931; 110 N. W. 531; 115 Am. St. Rep. 799; 112 Am. St. Rep. 356; 99 S. W. 216; 85 S. W. 110; 33 Atl. 1073; 55 Ia. 235; 6 Paige 545; 57 Am. Dec. 198; 57 N. E. 796; 79 Pac. 242; 48 Atl. 269; 5 N. Y. Supp. 749.

The property should be sold where report of commissioners shows that a partition would be to the manifest injury of owners or proprietors thereof. 144 Mo. 348; 110 N. W. 931; 40 Wis. 357.

Report of commissioners affirmatively established right of defendant to have property sold. 40 Wis. 357.

Form of report of commissioners does not express their obvious meaning and should be reformed to do so. 30 Cyc. 266; Chap. 107, Art. 15, Sub-Sec. 266, Laws 1907.

### STATEMENT OF FACTS.

Action for partition between appellant, plaintiff below, and appellee, defendant below, owners as tenants in common of lots 13 and 14, Block 2, Perea Addition to Albuquerque, New Mexico. The plaintiff sought a partition in kind; the defendant asked for a sale of the lots.

Commissioners were appointed to make the partition and reported that the property consisted of two unimproved lots of no appreciable difference in value; that sold together they would bring $100.00 more than if sold separately; that plaintiff was the owner of lots adjoining lot 13, on which she had valuable improvements; they recommended that lot 14 be set over to the defendant and that lot 13 be set over to the plaintiff and that plaintiff pay the defendant the sum of $50.00 as damages.

Both parties excepted to the report of the commission-

ers and the judgment of the court which divided the property and decreed the payment of damages as recommended by the commissioners and both parties appealed.

### OPINION.

MECHEM, District Judge.—It is within the power of a court of equity to decree "owelty of partition" where the property is incapable of exact or fair division. Pomeroy Equity Jur. Sec. 1389; Bispham's Principles of Equity, Sec. 492; Sawin vs. Osborn, 87 Kans. 828; 126 Pac. 1074, Ann. Cas. 1914 A.

In this case there being no appreciable difference in the value of the two lots, the doctrine of owelty of partition has no application. The peculiar value of lot 13 to the plaintiff, did not render that lot intrinsically more valuable than lot ·14.

For this court to reverse the judgment of the lower court in part and affirm it in part, so as to give it the effect and force of a judgment of partition in kind, would be equivalent to this court rendering a judgment making partition directly, without the intervention of the statutory commissioners.

The judgment of the lower court is reversed.

### SYLLABUS BY THE COURT.

