[No. 1651, March 11, 1915.]

## FIELD v. HUDSON.

On motion to retax costs.  Motion granted.

No briefs filed.

### OPINION OF THE COURT.

MECHEM, District Judge.—By our decision of May 4, 1914 (140 Pac. 1118), the judgment of the lower court was reversed, and without further order the costs were taxed as of course in favor of the appellant.  Appellee now moves to retax the same, on the ground that he, as well as the appellant, prevailed within the meaning of section 3148, C. L. 1897, which provides:

> "For all civil actions and proceedings of any kind, the party prevailing shall recover his costs against the other party except in those cases in which a different provision is made by law."

That this section applies to civil causes in the Supreme Court was decided in King v. Tabor, 15 N. M. 488-494, 110 Pac. 601.  In our statement of facts, we noted that:

> "Both parties excepted to the report of the commissioners and the judgment of the court, which divided the property and decreed the payment of damages as recommended by the commissioners, and both parties appealed."

The appellee did not perfect his appeal, but in his brief stated that he joined in the appeal of the appellant and relied upon the same error for a reversal of the judgment, namely, that the case was not one for owelty.  Besides this, appellant insisted that this court should reverse the judgment of the lower court in part and affirm it in part, which would have had the effect of granting appellant the relief she prayed for, namely, a division of the property by metes and bounds; while appellee argued that the case was not one for a division by metes and bounds, but one for a sale of the whole tract.

The conclusions reached in this court were: (1) That the case was not one for owelty, and therefore the judgment of the lower court was reversed; (2) that as to appellant's demand for a reformation of the judgment we decided that this court had no power to do that; and (3) as to appellee's contention, we did not mention it, and our opinion is not to be taken for more than a refusal to pass upon it.

It will be seen that both parties in fact prevailed, and the costs should be divided equally between them. We attach no importance to the failure of appellee to perfect his cross-appeal, which would have served no useful purpose, but would have increased the costs to both parties.

Motion granted.

ROBERTS, C. J., and PARKER, J., concur.