6 P.(2d) 935

**LOPEZ v. SARABIA.**

No. 3688.

Supreme Court of New Mexico.

Dec. 14, 1931.

Rehearing Denied Jan. 19, 1932.

M. A. Threet and W..C. Whatley, both of Las Cruces, for appellant.

WATSON, J.

April 24, 1930, Lopez commenced suit alleging that on August 24, 1922, he was the owner and in possession of certain land; that on said date he borrowed of Sarabia, the defendant, $212, due in one year, with interest at 10 per cent., and gave a warranty deed as security for the loan; that the defendant immediately entered into possession and received and applied to his own use the rents and profits; that thereafter plaintiff had offered to repay the amount of the loan and interest in excess of the rents and profits, but that defendant had refused the offer, and that plaintiff is now ready to pay whatever may be justly due, and offers to bring the money into court. He prayed for an accounting and, in substance, that he be allowed to redeem.

Defendant denied generally the material allegations of the complaint. By way of answer he alleged that plaintiff had given him a mortgage to cover an indebtedness; that when the mortgage became due plaintiff stated that he was unable to pay the same, and executed and delivered the deed mentioned in the complaint, and delivered immediate and exclusive possession of the land in full payment of the indebtedness.

By way of cross-complaint defendant claimed to be the owner and possessed of the land, and prayed that his title be quieted.

Plaintiff replied, denying that the deed was given in full payment of the indebtedness; alleging that it was given merely as further security; that at the time of giving the deed he was without funds to discharge the indebtedness, was being pressed for payment, and gave the deed to prevent suit, foreclosure, and sacrifice of his property, not as an absolute conveyance, but as additional security; that he thereby conveyed to the defendant property of the reasonable value of $6,000 to secure the payment of $212; that, at the time the deed was given, defendant did not give up or surrender the note or release the mortgage, and that defendant still holds them. He denied all allegations of the cross-complaint.

The cause came on for trial to the court. At the conclusion of plaintiff's testimony and that of a few witnesses, he moved to amend his complaint to conform to the proofs. This was denied on defendant's objection that the proposed amendment would entirely change the cause of action. Thereupon, over defendant's objection, plaintiff took a voluntary nonsuit.

The cause then proceeded upon the cross-complaint and the answer, resolving itself merely into a suit to quiet title. Cross-complainant introduced his deed, traced possession to himself through cross-defendant, and rested. Thereupon cross-defendant moved for judgment of dismissal. He contended that, as it appeared from cross-complainant's own showing that the transaction of giving the deed was a conveyance of the equity of redemption by mortgagor to mortgagee, without further consideration than the discharge of the indebtedness, cross-plaintiff was under and had failed to sustain the burden of showing that he had paid the full value of the land. The motion was denied.

Cross-plaintiff then moved for judgment; whereupon cross-defendant claimed the right to prove the value of the land at the time the deed was given. Cross-plaintiff objected that the pleadings would not admit of such proof. The objection was sustained. Cross-defendant then proposed to amend his answer by setting up that he was not mentally competent when he made the deed, and that there was no consideration except the debt of $212, whereas the value of the property conveyed was at the time $6,000. The application to amend was denied. Thereafter, however, the court, on the authority of Hoskins v. Talley, 29 N. M. 173, 220 P. 1007, reversed his earlier ruling and permitted cross-defendant, under his general denial, to offer any proofs he might have tending to show that cross-plaintiff had no title. By further evidence cross-defendant sought to show that at the time of the conveyance he was mentally incompetent, and that the then value of the land was greatly in excess of the debt.

The trial court found that on August 22, 1921, Lopez borrowed from Sarabia $200, and gave his note payable in one year, bearing interest at 12 per cent., and secured the debt by a mortgage; that, on the maturity of the indebtedness, Lopez executed and delivered to Sarabia the warranty deed, conveying the lands to Sarabia, without any consideration other than the amount loaned and the accrued interest, and immediately delivered possession of the land, and that Sarabia executed and delivered to Lopez a release of the indebtedness; that Lopez was at the time mentally competent, and that the intent of the parties was to merge the mortgage into a complete conveyance; that the conveyance was voluntarily made; that there was no fraud, coercion, or undue influence; that the transaction was never repudiated by Lopez, and is not now being repudiated by him; that no offer was ever made in the evidence to redeem from the mortgage; that from three to six acres of the land in cultivation at the time of the conveyance were of the value of $125 per acre; that the value of the balance, on account of seepage and topography, was

speculative; that the consideration was not so grossly inadequate as to establish fraud in itself, in the light of other testimony; that it was clearly shown that plaintiff knew what he was doing, intended to do what he did, and that the result was satisfactory to him then, thereafter, and now.

Upon these findings, judgment was rendered quieting title of the cross-plaintiff as against any adverse claims of the cross-defendant. The latter has appealed.

Appellee has filed no brief.

■ It having been found that appellant voluntarily made the conveyance, that it was satisfactory to him, not only when made, but at all times thereafter, and at the time of the trial, that he never had repudiated it, and did not repudiate it at the time of the trial, it is difficult to see how any other question could be of importance if the court was right about this; there being no challenge of the findings of mental competency and understanding of the nature of the transaction. Appellant contends that these findings rest solely on evidence adduced under the complaint before the nonsuit, which then went out of the case, and could not be considered by the court in making up his findings and reaching his conclusions.

To this proposition appellant cites Oliver v. Enriquez, 16 N. M. 322, 117 P. 844, Ann. Cas. 1913A, 140; Elgin v. Gross-Kelly & Co., 20 N. M. 450, 150 P. 922, L. R. A. 1916A, 711; Dodrill v. State Bank of Alamogordo, 35 N. M. 342, 297 P. 144. These decisions are to the point that judicial notice is not to be taken of the record or evidence in another case in the same court, even though the subject-matter and the parties be the same. They are not controlling, of course, on the question here, whether, in acting on a cross-complaint, reliance may be placed on evidence taken under the complaint. We know of no such doctrine. The reasons supporting the rule where the cases are separate do not, so far as they occur to us, exist when there is a single case. The complaint and the cross-complaint must relate to the same subject-matter. They constitute but one suit. Young v. Vail, 29 N. M. 324, 222 P. 912, 34 A. L. R. 980; Miera v. Sammons, 31 N. M. 599, 248 P. 1096. In this case there was but one set of facts, constituting at once the basis of claim to redeem from the deed as from a mortgage and the basis of the resistance to appellee's claim that his title be quieted.

■ Whatever then may be the merits of appellant's contentions as to the value of the land conveyed, and as to the burden of proof, he is faced with the findings above mentioned. Undoubtedly, equity looks with suspicion upon a transaction wherein the mortgagor, without further consideration, surrenders his equity of redemption to the mortgagee, in discharge of the indebtedness. McBride v. Campredon, 24 N. M. 323, 171 P. 140, L. R. A. 1918D, 407. But even in such a case, it will of course be necessary for the mortgagor to repudiate the transaction and to do equity. We take it as having been the view of the learned trial judge that appellant, who alone

had a legal interest, was but a cat's paw of his prospective heirs.

The judgment will be affirmed, and the cause remanded.

It is so ordered.

SADLER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.