## 150

646 P.2d 577

Juanita PINO, Joe Pino, Miguelita S. Maestas, Oriola S. Garcia, Roque Sanchez, a minor, and Mary Alice Sanchez, a minor, Plaintiffs-Appellants,

v.

Samuel SANCHEZ, Eloisa Sanchez, Natividad Chavez, a/k/a Mrs. Frank Chavez, Josefita S. Suazo, Consuelo S. Gallegos and Jose Sanchez, Defendants-Appellees.

No. 13840.

Supreme Court of New Mexico.

June 7, 1982.

Jasper & Buell, John G. Jasper, Santa Fe, for plaintiffs-appellants.

Patrick A. Casey, Santa Fe, for defendants-appellees.

OPINION

FEDERICI, Justice.

This is an appeal from a judgment of the District Court of Rio Arriba County involving a suit to partition real estate. We reverse in part.

The parties stipulated to the descriptions of the real estate, the respective interests of the parties and the action of the trial court in adjudicating the rights of the parties to Tract 1. Judgment was entered accordingly. This judgment also required that commissioners be appointed to recommend a plan of partition for Tract 2 (Brazos) and Tract 3 (Barranca).

The commissioners filed their report recommending setting over the Barranca in its entirety to Natividad Chavez, a defendant who had acquired the interests of the other non-defaulting defendants. The report also recommended selling the Brazos, except for a parcel set over to one defaulting defendant, and reimbursing the plaintiffs and the remaining defaulting defendant for their respective shares in the Barranca from the sale of proceeds of the Brazos. The plaintiffs filed their objections thereto by way of motion with affidavit attached.

The commissioners' report was approved and the trial court entered its judgment confirming the report of the special master. In its judgment, the trial court made specific findings of fact. The trial court found that the sole issue among the parties was the appropriateness and the authority of the commissioners in connection with some parts of the report of the commissioners; that the defendant Natividad Chavez should be granted the entirety of the Barranca tract which has a value of $232,-287.50. The trial court also found that the distribution suggested for Natividad Chavez of the entirety of the Barranca tract results in her receiving property of a value in excess of her interest in that particular property by the amount of $77,429.23, and this excess should be reimbursed to the plaintiffs at a future time when the Brazos

tract is sold. The trial court did not specify a time within which the Brazos tract was to be sold.

The trial court rejected the plaintiffs' contention that the defendant Natividad Chavez should have been required to pay the plaintiffs immediately for their respective interests in the Barranca property set over to Natividad Chavez rather than delaying payment to the plaintiffs until the Brazos property is sold, or in the alternative, that a reasonable time be set for the sale of the Brazos and that if payment were delayed, plaintiffs should be entitled to interest on the respective balances owing them. These are the issues presented on appeal.

It is clear that the trial court accepted and followed the defendants' contention that equitable principles apply in partition actions, and, more specifically, that the commissioners' recommendation of the application of the concept of owelty of partition, an equitable principle, was correct under the circumstances.

The concept of owelty is an equitable principle and is designed to prevent injustice or inequity in partitioning land among the common owners. It has been recognized in New Mexico, as an appropriate mechanism to be used by a court of equity, to equalize shares in partition of property where the property is incapable of exact or fair division. *Field v. Hudson*, 19 N.M. 89, 140 P. 1118 (1914). We have no quarrel with this equitable concept.

In this case, the court applied the concept by requiring Natividad Chavez to pay over for apportionment among the other common owners, that part of the value of the Barranca tract which she was receiving that was in excess of her share. Up to that point in the case, no error is claimed, but plaintiffs contend that when the trial court permitted Natividad Chavez to receive the Barranca tract immediately but deferred payment of the excess value received until an indeterminate future date, and failed to order the payment of interest on the excess until payment was received, the court failed to apply the equitable maxim that he who seeks equity must do equity, and this failure constitutes reversible error. We agree.

The specific application of the stated equitable maxim under facts identical or similar to those appearing in this case is a question of first impression in New Mexico. The recognition of the equitable principle, however, has long been a part of our law. *Shanafelt v. Holloman*, 61 N.M. 147, 296 P.2d 752 (1956); *Frkovich v. Petranovich*, 48 N.M. 382, 151 P.2d 337 (1944); *Pugh v. Phelps*, 37 N.M. 126, 19 P.2d 315 (1932); *Lopez v. Sarabia*, 36 N.M. 11, 6 P.2d 935 (1931). One text writer, after stating the maxim, explains it as being applied most commonly in those cases where affording relief to the party seeking it without requiring that party to give up a benefit already received would result in unjust enrichment of the party seeking relief. H. McClintock, McClintock on Equity § 25 (2d ed. 1948).

Here, if Natividad Chavez is permitted to have and retain the Barranca tract as of the date of entry of the amended judgment, and at the same time is allowed to defer payment of the excess value received, $77,-429.23, until such time as the Brazos tract is sold, she is unjustly enriched to the extent of the value of the use of the excess value received. She should have been required by the trial court to do equity by making immediate payment of the excess value amount for distribution to the other common owners as a condition precedent to receipt of the Barranca, or she should have been required to make payment of interest for distribution to the other common owners at suitable intervals after entry of judgment upon the excess value amount until such time as the Brazos tract was sold and distribution of the excess value made, and the court should have set a definite time for the sale of the Brazos tract.

Although no case is cited to us on the identical issue raised in this appeal, counsel for plaintiffs cite a case which addresses the general issue of what conditions may be properly imposed upon the payment of owelty in partition cases. *Updike v. Adams*, 24 R.I. 220, 52 A. 991 (1902). In *Updike*, the

Supreme Court of Rhode Island, citing no authority, observed that owelty was a proper equitable mechanism to equalize shares in a partition case subject to the following conditions: (1) the application of the doctrine was equitably necessary; (2) the amount of owelty was fair; (3) the payment was not imposed so as to be unreasonably burdensome on the party having to pay, considering both the condition of the property and the party; and (4) a reasonable time should be given for payment. In the *Updike* case, the Court found that all conditions were met and approved the application of the doctrine without further discussion of the facts which differed from the situation here. There has been no contention or suggestion made in this case that the payment of the excess value by Natividad Chavez would violate any of the foregoing conditions. What the plaintiffs are suggesting is that the provision for payment at some indeterminate future date—when the Brazos tract sells—does not meet the criterion of payment within a reasonable time, and failure of the court to prescribe a reasonable time and to require the payment of interest in the interim, does disservice to the equitable maxim that "he who seeks equity must do equity."

In applying the equitable doctrine of owelty, the trial court should consider the equities of *all* the parties in the suit for partition.

Although this Court is reluctant to interfere with trial courts in their application of equitable principles in particular cases, we feel that in this case, failure to designate a reasonable time within which a sale of the Brazos property should be made, and to provide for the payment of interest, would lead to inequities between the parties.

We are not unmindful of the possible fact that a sale of the Brazos tract may be delayed by reason of the inability of the parties to find an appropriate buyer, or by acts of the plaintiffs or the defendants, or both. However, we believe that the trial court can, after a hearing or upon agreement of the parties, fashion an appropriate order providing for payment by plaintiffs,

or setting a reasonable time for the sale of the Brazos tract and the payment of interest from an appropriate date.

The cause is remanded to the trial court for further proceedings consistent with this opinion.

Each of the parties shall bear their own costs and attorney fees.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.