In the Matter of the ESTATE OF: Glenn A. SORENSON, Deceased.

Jeff Sorenson, Appellant (Petitioner),

v.

Brett Sorenson, Appellee (Respondent).

Jeff Sorenson, Appellant (Defendant),

v.

Brett Sorenson, Appellee (Plaintiff).

Nos. 99–249, 99–267.

Supreme Court of Wyoming.

July 27, 2000.

Representing Appellant: Paul J. Drew of Drew & Carlson, LLC, Gillette, Wyoming.

Representing Appellee: Hardy H. Tate, Sheridan, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

Once again this Court is confronted with a disagreement between siblings arising out of a devise from their father. Glenn Sorenson, the deceased father (the father), devised ranch lands to his sons, Jeff Sorenson (Jeff) and Brett Sorenson (Brett), "in equal shares, as tenants in common[.]" The father's Last Will and Testament included a restriction upon alienation, described as a condition subsequent, which prescribed divestiture as the penalty for violation. After the father's estate was distributed, Brett commenced an action seeking partition of the ranch property and also claiming that an earlier lease from the father to Jeff was void. Jeff filed an answer and counterclaim asserting that the partition action violated the condition subsequent, and he also alleged that the attempt to challenge the lease violated an "in terrorem" clause that was included in the father's will. The district court ruled that the common law and Wyoming statutes justified the partition action despite the language in the will, and granted Brett's motion for summary judgment on Jeff's claim that Brett's petition for partition violated the condition subsequent.

* Retired June 2, 2000.

In the estate matter, Jeff filed a Petition to Reopen Estate seeking to have amended the Decree of Partial Distribution or the final Decree of Distribution to incorporate the condition subsequent and the "in terrorem" clause from the father's will. The district court ruled that its holding with respect to the partition action made irrelevant any effort to reopen the estate to add the condition subsequent or "in terrorem" language to the Decree of Distribution, and that the withdrawal by Brett of the challenge to the lease, in effect, made moot any ruling on the application of the "in terrorem" clause.

Jeff has appealed the Order Granting Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim entered in favor of Brett and the Order Denying Motion to Reopen Estate. We affirm, albeit on different grounds than those relied upon by the district court.

Jeff, by his Brief of Appellant, presents this statement of the issues:

I.   Is the devise of real property to the parties subject to the condition subsequent in the decedent's will?

II.   Is the devise of real property to the parties subject to the in terrorem clause in the decedent's will?

III.   Did the probate judge err in refusing to reopen the probate for the purpose of accurately describing the property interests devised to the parties?

The issues presented in the Brief of the Appellee filed by Brett are:

I.   Is the final decree of distribution following probate res judicata on the nature of a real property interest held by the devisees of a will or must a final decree of distribution be forever read in conjunction with the will?

II.   Do any of the claims of the appellant Jeff Sorenson state a cause upon which relief can be granted?

The father owned a ranch in Sheridan and Johnson counties, known as "The Powder River Place," which encompassed approximately 2,485 acres on which was a ranch house, barn, and other outbuildings and improvements. In 1994, the father leased most of his ranch to Jeff for a term of ten years, with an option to renew the lease for another ten years. On June 20, 1997, the father executed his Last Will and Testament, in which he made this devise:

**Article 5.**   Subject to the foregoing Article [Article 4 – providing for the distribution of certain items of personal property according to a list made by the father], I hereby make the following specific bequests:

A.   To my sons in equal shares, as tenants in common, I give and devise all of my right, title, and interest in and to my ranch, known commonly as "The Powder River Place," as their sole and separate property, subject to the following restrictions:

For a period of twenty years following the date of my death, neither of my sons may individually, sell, lease, encumber, or otherwise divest himself, whether voluntarily or involuntarily, of any incidents of ownership in the surface interest of this property to any person or entity, other than to the other of my sons. Provided, however, that both of my sons, acting together, so long as neither of them is acting under any form of duress or compulsion, may sell, lease, or encumber the surface interest in this property to a third person. The foregoing restriction is a condition subsequent and immediately upon violation of any aspect of it, the title of the violating devisee to said property shall immediately terminate, and the terminated interest shall immediately become vested in my other son, so that he shall hold title to this property as his sole and separate property in fee simple absolute. In the event that either of my sons shall die before the termination of the twenty year period, those persons who are entitled to his interest by virtue of inheritance or devise shall be bound by the foregoing provision, and no sale or lease of the surface estate shall be permitted without their prior unanimous consent.

The will also contained an "in terrorem" clause that read:

**Article 8.**   In the event that any legatee, devisee, or beneficiary of this my

LAST WILL AND TESTAMENT, for whose benefit I have made any provision, shall endeavor in any way to contest in any court, or before any tribunal, or in any other forum, this my LAST WILL AND TESTAMENT, or the validity thereof, or its due or proper execution, or the provisions or distributions applicable to him or her, or any other provision or distribution, or shall in any manner question any acts in making this will or any of its provisions, or of any other form of gift or conveyance made outside of this will, then and in that event, such contestant shall thereupon *forever forfeit*, and shall *thenceforth cease* to have any right, title, or interest in, under, or to any portion of my estate or any property or interest in property devised or bequeathed to such person, or any income therefrom, and all provisions of this my LAST WILL AND TESTAMENT in favor of, or for the benefit of, such contestant are hereby *absolutely and forever revoked,* and any and all rights which said contestant would otherwise have had shall fall into and become a part of the residue of my estate referred to above, and shall be disposed of as provided above, to the absolute exclusion of such contestant in the same manner as if such contestant had been *specifically disinherited* in this my LAST WILL AND TESTAMENT. This provision shall be liberally construed to include, but is not in any way limited to, any form of harassment, abuse, molestation, or intimidation of the Personal Representative or of any other beneficiary, devisee, or legatee, or any attempt whatsoever to interfere with the peaceful use and enjoyment of any property or interest in property left or given to any such beneficiary by me, whether such property or interest in property is left to that beneficiary by way of this will or otherwise, including, but not limited to, any outright gift of property or joint ownership of property held by myself and anyone else with a right of survivorship.

(Emphasis in original.)

The father died on July 15, 1997, and his will was promptly admitted to probate with Jeff appointed as the personal representative, in accordance with the father's will. On June 1, 1998, Jeff and Brett reached an agreement styled Order Approving Final Report and Accounting, and Decree of Partial Distribution. That order stated that the ranch was "to be distributed to Jeff L. Sorenson and Brett Sorenson in equal shares as tenants in common[.]" The order made no mention of the condition subsequent or the "in terrorem" clause included in the father's will.

Brett filed a Complaint for Partition of Real Property and Other Relief on December 10, 1998, in which he asked the district court to either partition the ranch or force a sale of the ranch and divide the proceeds pursuant to Wyo. Stat. Ann. §§ 1–32–101 through 1–32–122 (Lexis 1999).[1] He later filed an

---

1. The pertinent statutes provide:

§ 1–32–101. **Who compelled to make partition.**
Tenants in common and coparceners of any estate of lands, tenements or hereditaments within the state may be compelled to make a partition thereof as hereinafter prescribed.

§ 1–32–102. **Where proceedings to be had.**
When the estate is situated in one (1) county the proceedings shall be had in that county, and when situated in two (2) or more counties the proceedings may be had in any county in which a part of the estate is situated.

§ 1–32–103. **Filing and contents of petition.**
A person entitled to partition of an estate may file his petition in the district court setting forth the nature of his title, a description of the lands, tenements or hereditaments of which partition is demanded, and naming each tenant in common, coparcener or other interested person as defendant.

§ 1–32–104. **Finding of court; order for partition; appointment of commissioners; ordering writ of execution to issue.**
If the court finds that the plaintiff has a legal right to any part of the estate, it shall order partition in favor of the plaintiff or all parties in interest, appoint three (3) disinterested persons of the vicinity to be commissioners to make the partition and order a writ of execution to issue.

§ 1–32–105. **Writ of partition directed to sheriff; contents; administering oath to commissioners.**
The writ of partition may be directed to the sheriff of any county in which any part of the estate lies, and shall command him to administer the oaths of the commissioners, and setoff and divide to the plaintiff or each party in interest such part and proportion of the estate as the court shall order.

§ 1–32–106. **View and examination of estate by commissioners; setting aside under oath.**

Amended Petition for Partition of Real Property and Other Relief, which omitted the alternative request for a forced sale. In both the original and amended petitions, Brett asked the district court to void the father's lease to Jeff as unconscionable in its terms and not entered into willingly and knowingly by the father, and because the father lacked contractual capacity. Jeff filed an Answer in which he included a Counterclaim asserting claims that the partition action violated both the condition subsequent and the "in terrorem" clause of the father's will and sought to have title to the ranch quieted in him. After filing his Answer to Counterclaim, Brett presented a Motion for Summary Judgment on Jeff's counterclaim.

While the Motion for Summary Judgment was pending, Jeff filed a Petition to Reopen Estate in the probate matter, in which he sought to have the condition subsequent and the "in terrorem" clause of the father's will included in an amended decree of distribution. The district court issued a single decision letter resolving in Brett's favor both the summary judgment motion and the petition to reopen the estate. In that letter, the district court reported that, in the hearing on May 26, 1999, Brett no longer disputed validity of the lease between Jeff and their father. Separate orders later issued. In the probate matter, the district court entered the Order Denying Motion to Reopen Estate, and in the partition action the district court entered the Order Granting Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims in which Brett was authorized to prosecute his partition action; Jeff's counterclaims were denied with the provision that the order operate as a final judgment on the counterclaims pursuant to W.R.C.P. 54(b); and the lease was declared to be valid and enforceable. Jeff timely appealed both of those orders.

We begin by addressing the summary judgment order. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.

W.R.C.P. 56; *University of Wyoming v. Gressley,* 978 P.2d 1146, 1153 (Wyo.1999). We review grants of summary judgment *de novo* upon the same record that was before the trial court. *Gressley,* 978 P.2d at 1153. We consider the record in the light most favorable to the party opposing the motion, and give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* We can affirm a grant of summary judgment on any legal grounds appearing in the record. *Id.* It may well be true, as the district court stated in its opinion letter, that a legal axiom exists to the effect that "[n]o person can be compelled to remain a co-tenant." This Court has said:

> No person is compelled to remain a cotenant of another. That was the rule of the Roman Law.Code Justinian 3, 37, 5. That, with few exceptions, is the rule of the Common Law. 47 C.J. 288. And that is the rule under our statute. Section 3–6901 and Section 6–2317, Wyo.Comp.St.1945.

*In re Dixon's Estate,* 66 Wyo. 197, 213, 207 P.2d 510, 515 (1949). The parties have vigorously debated the propriety of preferring that axiom over the expressed intention of the father in his will. As this case comes before us, we can discern no reason to resolve that debate.

Jeff first argues that Brett's partition action violated the will's restrictions on alienation because the ultimate remedy in partition is a forced sale. A forced sale to a third party could violate the restrictions in the father's will, but we hold that Jeff's Amended Petition for Partition of Real Property and Other Relief did not invoke the condition subsequent. Pertinent statutes provide:

> **§ 1–32–109. Appraisement required where estate cannot be divided according to writ; return by commissioners; election to take at appraised value.**
>
> When the commissioners are of the opinion that the estate cannot be divided according to the demand of the writ without manifest injury to its value, they shall return that fact to the court with a just valuation of the estate. If the court ap-

In making the partition, the commissioners must examine the estate and set apart the same in such lots as will be most advantageous and equitable, having due regard to the improvements, situation and quality of the different parts.

proves the return and one (1) or more of the parties elects to take the estate at such appraised value, it shall be adjudged to him upon his paying to the other parties their proportion of the appraised value according to their respective rights, or securing the same as hereinafter provided.

§ 1–32–110. **Terms of payment upon election to take; execution of conveyance.**

If one (1) or more of the parties elects to take the estate at the appraised value, unless the court for good cause directs the entire payment to be made in cash, or unless all the parties in interest agree to different terms, the terms of payment shall be one-third (⅓) cash, one-third (⅓) in one (1) year and one-third (⅓) in two (2) years, with interest, the deferred payments to be secured to the satisfaction of the court. On payment in full or in part with sufficient security for the remainder, the sheriff shall make and execute a conveyance to the party electing to take the same according to the order of the court.

§ 1–32–111. **Order for sale of estate in absence of election to take.**

If no election to take the estate at the appraised value is made, at the instance of a party the court may order the sale thereof at public auction by the sheriff who executed the writ of partition or his successor.

The statutory scheme makes it clear that the appointed commissioners must endeavor to make an equitable division of the property. Wyo. Stat. Ann. § 1–32–106. If that is not possible, the statute then provides for an appraisal and an election by a party or parties to take the estate at the appraised value. Wyo. Stat. Ann. § 1–32–109. If no party elects to take the estate at the appraised value, the district court can order a forced sale only "at the instance of a party * * *." Wyo. Stat. Ann. § 1–32–111. In his amended petition, Brett did not ask the district court to force a sale of the land. Since Brett did not seek a forced sale, his partition action does not violate the condition subsequent set forth in the will. In fact, the father's will specifically permits a conveyance between Jeff and Brett, and permits them to join in a conveyance to a third party:

> For a period of twenty years following the date of my death, neither of my sons may individually, sell, lease, encumber, or otherwise divest himself, whether voluntarily or involuntarily, of any incidents of ownership in the surface interest of this property to any person or entity, *other than to the other of my sons. Provided, however, that both of my sons, acting together, so long as neither of them is acting under any form of duress or compulsion, may sell, lease, or encumber the surface interest in this property to a third person.*

(Emphasis added.) It is clear that the mere initiation of a partition action does not conflict with the condition subsequent in the will because it could lead either to a retention of separate interests by the two sons or a conveyance from one to the other.

■ Jeff next contends that Brett violated the "in terrorem" clause of the father's will by contesting his lease. He specifically points to the language revoking any bequest to a devisee that "shall in any manner question any acts in making this will or any of its provisions, or of any other form of gift or conveyance made outside of this will[.]" Brett responds that the "in terrorem" clause was no longer effective when he sought to have the lease voided because it was not incorporated into the decree. We eschew the arguments of both parties, and hold that Brett's challenge to the lease was inefficacious because he withdrew it before it required a ruling by the district court. Brett, therefore, was entitled to judgment as a matter of law.

In denying Jeff's petition to reopen the estate, the district court said that the omission of the restrictions in the decree was irrelevant. Jeff had sought to have the decree amended to include the condition subsequent and the "in terrorem" clause from the will. Having determined that Brett neither insisted on a forced sale upon partition nor prosecuted, after pleading, a challenge to the lease, we hold that including the desired language in the decree would have no bearing on the outcome of this matter.

We affirm the judgment of the district court.