The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Daniel P. YASCAVAGE, Defendant–
Appellant.

No. 01CA1437.

Colorado Court of Appeals,
Div. II.

July 3, 2003.

Cerrtiorari Denied Dec. 1, 2003.

Ken Salazar, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Daniel P. Yascavage, appeals the judgments entered on jury verdicts finding him guilty of harassment-stalking, two counts of violation of a restraining order, and one count of criminal solicitation. We affirm the convictions of harassment-stalking and violation of a restraining order and vacate the conviction of criminal solicitation.

Defendant and the victim were in a relationship from May 1999 to January 2000. After defendant ignored the victim's requests to cease contacting her, the victim was first granted a temporary restraining order against defendant prohibiting any contact with her. This order was later made permanent. Defendant continued to contact the victim frequently by telephone and sent her a letter indicating that he would continue to try to resume their relationship. After these repeated contacts, he was arrested and charged with harassment-stalking and violation of a restraining order.

After defendant's arrest, a second restraining order was issued prohibiting him from

contacting the victim directly or indirectly. Defendant continued to contact the victim after entry of the second restraining order.

While in custody awaiting trial, defendant telephoned a friend from jail and attempted to persuade him to prevent the victim from attending the trial.

## I.

Defendant contends that the portions of § 18–9–111(4)(b)(III), C.R.S.2002, criminalizing contact with certain individuals that would cause a reasonable person to suffer "serious emotional distress" are unconstitutionally overbroad and vague. We disagree.

### A.

■ Defendant for the first time on appeal contends that the relevant statutory section is unconstitutionally overbroad. We decline to reach this issue because it was not raised or argued by defendant in the trial court. *See People v. Cagle,* 751 P.2d 614 (Colo.1988).

### B.

■ Defendant next contends that the relevant statutory section is unconstitutionally vague. We are not persuaded.

■ A statute is unconstitutionally vague if it does not give fair notice of the conduct prohibited and does not provide adequate standards to prevent arbitrary and discriminatory enforcement. A criminal statute must be sufficiently specific to provide guidance to individuals seeking to comply with the law and to law enforcement officers applying the statute. *People v. Hickman,* 988 P.2d 628 (Colo.1999).

■ Because a statute requires a jury to determine "reasonableness" does not make it too vague to afford a practical guide to acceptable behavior. *People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972).

Here, the statute prohibits contact that inflicts "serious emotional distress" and provides an objective "reasonable person" standard to measure whether the emotional distress inflicted upon the victim was "serious." Thus, it provides notice that conduct which would cause a reasonable person serious emotional distress is prohibited. Because the only uncertainty raised by the statute is whether the conduct would cause a reasonable person serious emotional distress, and the determination of "reasonableness" is a question for the jury, we therefore conclude that the statute is not unconstitutionally vague.

## II.

Defendant contends that the evidence was insufficient to support his convictions. We agree in part.

We must determine whether, when taken as a whole and in the light most favorable to the prosecution, the evidence is sufficient to support a finding of guilt beyond a reasonable doubt on each specific conviction. In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *Kogan v. People,* 756 P.2d 945, 950 (Colo.1988).

### A.

■ Defendant first contends that the evidence was insufficient to show that he knew his behavior would result in serious emotional distress in a reasonable person. We disagree.

Defendant mischaracterizes the mental state that is required for a violation of § 18–9–111(4)(b)(III), which provides, in relevant part, that a person commits harassment-stalking if "such person knowingly ... [r]epeatedly follows, approaches, contacts, places under surveillance, or makes any form of communication with another person ... in a manner that would cause a reasonable person to suffer serious emotional distress."

■ A defendant does not need to know that his or her conduct would cause a reasonable person serious emotional distress. This reading of the statute would impart a nonexistent requirement that the defendant must intend to cause serious emotional distress. Instead, the defendant only must be aware of his or her conduct. The result of that conduct is evaluated under an objective standard

to which his or her specific intent is irrelevant. *See* § 18-1-501(6), C.R.S.2002 ("person acts 'knowingly' ... with respect to conduct ... described by a statute defining an offense when he is aware that his conduct is of such nature").

■ A defendant's mental state may be inferred from his or her conduct and other evidence. *See Miller v. Dist. Court*, 641 P.2d 966 (Colo.1982).

Here, evidence was presented that defendant knew that the victim had sought and obtained a restraining order against him. Evidence was also admitted that defendant called the victim numerous times and stated that he would never stop trying to resume his relationship with her. Based on this evidence, we conclude that the jury could reasonably infer that defendant knew that he engaged in such conduct.

### B.

■ Defendant next asserts that the evidence was insufficient to show that he knowingly violated the restraining order because he was only served with a copy of the temporary restraining order and not the permanent restraining order. We disagree.

Here, the record reflects that defendant admitted that he knew he was violating the restraining orders when he made contact with the victim. Therefore, we conclude sufficient evidence was presented for the jury to convict him of violating a restraining order.

### C.

■ Defendant contends that the evidence was insufficient to support his conviction of criminal solicitation to tamper with witness. We agree.

Section 18-8-707, C.R.S.2002, provides, in relevant part, that

[a] person commits tampering with a witness or victim if he intentionally attempts without bribery or threats to induce a witness or victim or a person he believes is to be called to testify as a witness or victim in any official proceeding or who may be called to testify as a witness to or victim of any crime to ... [a]bsent himself from any official proceeding to which *he has been legally summoned.*

(Emphasis added.)

Here, the trial court instructed the jury in accordance with § 18-8-707 and also with § 18-2-301, C.R.S.2002 (defining criminal solicitation). Thus, to find defendant guilty of this charge the jury must have received evidence that he attempted to have the victim absent herself from an official proceeding to which *she had been legally summoned.*

The prosecution relies on the victim's presence at trial as evidence on which the jury could conclude that she was legally summoned to appear at an official proceeding. However, even when viewed in the light most favorable to the prosecution, the mere presence of the victim at trial does not permit the jury to conclude that she was legally summoned to appear at trial. Furthermore, the information, which lists the victim as a potential witness, does not indicate that she was legally summoned and, in any event, was not admitted as evidence. Accordingly, no evidence was presented to the jury that the victim had, in fact, been legally summoned to appear at trial, and defendant's conviction for criminal solicitation must be vacated.

We do not address the issue whether the witness must already be subject of legal process at the time of the tampering. It was not raised by the parties, nor do we find any evidence in the record of any legal summons, either before or after defendant's actions.

### III.

■ Defendant contends that the trial court erred in excluding evidence of the victim's past drug and alcohol use. We disagree.

■ A trial court has wide latitude to place reasonable limits on cross-examination. To show that a trial court abused its discretion, a party must show that the court's decision was manifestly arbitrary, unreasonable, and unfair. *People v. Gholston*, 26 P.3d 1 (Colo.App.2000).

Here, defense counsel questioned the victim about her prior drug and alcohol use and its effect on her mental health. Upon objec-

tion, the trial court struck defense counsel's question and the victim's negative answer as irrelevant.

Defendant now argues that this evidence was relevant to the issue of the victim's mental health. However, defendant provides no rationale connecting the victim's alleged past drug and alcohol use to the emotional distress she suffered as a result of defendant's action. Hence, we are unconvinced that this restriction on cross-examination was manifestly arbitrary, unreasonable, and unfair.

Accordingly, we cannot conclude that the trial court abused its discretion.

### IV.

■ Defendant contends that the trial court erred in denying his motion to dismiss because of a violation of his speedy trial rights. We again disagree.

■ A speedy trial deadline can be extended by a trial court through the granting of a continuance if the delay is chargeable to the defendant. The delay is chargeable to the defendant if it was caused by his or her affirmative act, occurred with his or her express consent, or involved other affirmative conduct evincing consent. *People v. Scales*, 763 P.2d 1045 (Colo.1988).

■ The decision to grant a continuance is a matter within the sound discretion of the trial court, and its decision will not be overturned absent an abuse of discretion. *People v. Scales, supra.*

Here, the trial court found that defendant insisted on new counsel, and the change of counsel caused the delay. This finding is supported by defendant's in-court statements. Accordingly, the continuance was properly charged to defendant, the speedy trial deadline was properly extended, and defendant's speedy trial rights were not violated.

### V.

■ Defendant contends that the trial court erred in refusing to hear his motion to dismiss trial counsel on grounds of ineffective assistance. We are not persuaded.

■ A defendant's motion to discharge an attorney is within the sound discretion of the trial court, and its ruling will not be disturbed on review in the absence of a clear abuse of discretion. *People v. Apodaca*, 998 P.2d 25 (Colo.App.1999).

At the February 28, 2000, hearing, the trial court refused to hear the pro se motions filed by defendant when he was represented by counsel. It is unclear from the record whether the trial court was aware of the proposed motion asserting that defense counsel was ineffective. However, the record indicates that during the trial, the court considered defendant's assertion that his court-appointed counsel was ineffective and found that he was not. As this finding is supported by the record, we discern no error.

The judgments of conviction of harassment-stalking and violation of a restraining order are affirmed. The judgment of conviction of criminal solicitation is vacated.

Judge CASEBOLT and Judge WEBB concur.