2004 WY 22

**Josephine Lovato HUTCHINS and Timothy M. Hernandez, Appellants (Defendants),**

v.

**PAYLESS AUTO SALES, INC., a Wyoming corporation, Appellee (Plaintiff).**

No.  03–82.

Supreme Court of Wyoming.

March 11, 2004.

See also 2002 WY 8, 38 P.3d 1057.

Representing Appellant: Georg Jensen, Cheyenne, Wyoming.

Representing Appellee: Wendy Curtis Palen of Patton & Davison, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Josephine Lovato Hutchins and Timothy M. Hernandez (appellants) appeal from the district court's order confirming Payless Auto Sales, Inc.'s (Payless) purchase of real property pursuant to Wyoming's partition statutes. The appellants claim that the district court erred by refusing to compensate them for waste, rents, and improvements to the property. We affirm the district court's decision, although on different grounds than those expressed by the district court.

## ISSUES

[¶ 2] The appellants phrase the issue on appeal as follows:

Did the court err in failing to give any consideration to the defendants' defenses and counterclaims for partition in accordance with the parties' relative interests including issues regarding use, waste, contribution and owelty in allowing an[d] confirming the property purchase by plaintiff?

[¶ 3] Payless phrases the appellate issue as a statement:

The district court's confirmation of the election to purchase was proper under Wyoming's partition statutes and the district court's factual determination of the respective rights of the parties was not erroneous[.]

## FACTS

[¶ 4] The underlying facts of this dispute are set forth in *Hutchins v. Payless Auto Sales, Inc.*, 2002 WY 8, ¶¶ 3–5, 38 P.3d 1057, ¶¶ 3–5 (Wyo.2002) (hereinafter referred to as *Hutchins I* ). In 1993, Ms. Hutchins recorded a quitclaim deed conveying real property located in Cheyenne to herself and her daughter, Sandra Hutchins McDonald, as joint tenants with right of survivorship. *Hutchins I*, ¶ 3. Subsequent to the conveyance, Payless obtained a default judgment against Ms. McDonald and her husband. *Id.* Ms. Hutchins and Ms. McDonald thereafter conveyed the property by quitclaim deed to Ms. Hutchins and her son, Timothy M. Hernandez, as joint tenants with right of survivorship. *Id.*

[¶ 5] Payless sought to collect upon its judgment against the McDonalds by foreclosing upon the real property. *Hutchins I*, ¶ 4. Ms. Hutchins attempted to defeat the foreclosure action by asking the district court to reform the quitclaim deeds on the basis of mutual mistake. *Id.* The district court refused to reform the deeds and granted summary judgment in favor of Payless on its foreclosure claim. *Hutchins I*, ¶ 5. Ms. Hutchins appealed the district court's order on summary judgment, and this Court subsequently affirmed. *Hutchins I*, ¶ 1.

[¶ 6]  At the subsequent foreclosure sale, Payless purchased Ms. McDonald's unencumbered, undivided one-half interest in the real property.  Ms. McDonald did not redeem the property, and Payless applied for and received a Sheriff's Deed for a one-half interest in the property.  Payless then filed the instant action to partition the real property pursuant to Wyo. Stat. Ann. §§ 1–32–101 *et seq.* (LexisNexis 2003).  The appellants filed a counterclaim, setting out three causes of action against Payless.  In Count 1, the appellants sought a declaratory judgment on the validity and scope of Payless' interest in the real property.  In Count 2, the appellants requested that the district court order Payless to compensate them, under various equitable principles, for waste, rents, and improvements to the real property.  Count 3 set forth a claim for partition of the real property.  Payless filed a motion to dismiss the counterclaim.  Its motion was accompanied by documents other than the pleadings, resulting in a conversion of the motion to dismiss to a motion for summary judgment under Wyo. R. Civ. P. 56.  The district court dismissed Counts 1 and 2 on the basis that the appellants were collaterally estopped from asserting the claims by the rulings in *Hutchins I.*

[¶ 7]  Payless filed a motion for summary judgment, asking the court to order, as a matter of law, that the property be partitioned in accordance with Wyo. Stat. Ann. § 1–32–109 (LexisNexis 2003).  The parties agreed that, because the property included a residential lot and home, it could not be physically divided.  The appellants, however, contested Payless' motion for summary judgment, asserting that the district court must compensate them for Ms. McDonald's waste and use of the property and the improvements they had made to the property.  The appellants attached Ms. Hutchins' affidavit to their response.

[¶ 8]  The district court granted Payless' summary judgment motion and ordered that the property be partitioned by sale.  The court appointed an appraiser and directed him to submit a valuation of the property to the district court for approval.  The district court further ordered that, "within 30 days of the Court[']s Order approving the valuation of the property by the appraiser, any party seeking to purchase the property at the appraised value in accordance with Wyo. Stat. § 1–32–109 shall file a written election to purchase, accompanied by the down payment and security as required by Wyo. Stat. § 1–32–110."

[¶ 9]  The appraiser valued the property at $21,500, and Payless filed its Election to Buy and Motion for Confirmation, together with $10,750, with the District Court.  The appellants objected to Payless' motion for confirmation of the sale, once again, claiming a right to compensation for Ms. McDonald's damage to and use of the property.  The district court held a hearing and issued an order confirming the sale of the property to Payless for one-half of the appraised value.  The record on appeal does not include a transcript of the hearing and the Order Confirming Property Purchase does not revisit the appellants' claims for improvements, rents, and waste.  The appellants subsequently appealed.

## DISCUSSION

[¶ 10]  The appellants challenge the district court's refusal to credit them for improvements, rents, and waste to the real property in the partition action.  The district court's rulings on this issue are encompassed in its dismissal of Count 2 of the counterclaim and its subsequent grant of summary judgment in favor of Payless.  In this procedural context, it is appropriate for us to apply our well-established standard of review for summary judgments.

▮▮▮▮  [¶ 11]  In reviewing a summary judgment, we apply the same standards as the trial court, without affording any deference to the trial court's decisions on issues of law.  *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211, 216 (Wyo.1994).  A summary judgment is appropriate if the record, when viewed in the light most favorable to the non-moving party, reveals that no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law.  *Ahrenholtz v. Laramie Economic Development Corporation,* 2003 WY 149, ¶ 16, 79 P.3d 511, ¶ 16 (Wyo.2003); *Wor-*

*ley v. Wyoming Bottling Co., Inc.*, 1 P.3d 615, 620 (Wyo.2000); W.R.C.P. 56(c). A fact is material if it establishes or refutes an essential element of a claim or defense. *Ahrenholtz*, ¶ 16; *Tidwell v. HOM, Inc.*, 896 P.2d 1322, 1324 (Wyo.1995).

[¶ 12] Furthermore, even if we do not agree with the district court's reasoning, we will affirm the district court's summary judgment decision if there is any legal basis in the record to support it. *Grose v. Sauvageau*, 942 P.2d 398, 402 (Wyo.1997).

[¶ 13] Sections 1–32–101 *et seq.* set forth the procedures for partitioning real property between tenants in common or coparceners. Section 1–32–109 applies when the real property cannot be divided in kind without causing manifest injury to its value. *In the Matter of the Estate of Sorenson*, 9 P.3d 259, 263 (Wyo.2000). Under that statute, a just valuation of the property is ordered and "[i]f the court approves the return and one (1) or more of the parties elects to take the estate at such appraised value, it shall be adjudged to him upon his paying to the parties their proportion of the appraised value according to their respective rights." Section 1–32–109.

[¶ 14] Wyo. Stat. Ann. § 1–32–119 (LexisNexis 2003) allows one tenant in common or coparcener to recover his share of rents and profits from a cotenant and to maintain an action of waste against another. Although the appellants did not refer to § 1–32–119 in their pleadings, they did claim they were entitled to similar equitable relief.

[¶ 15] The district court held that the appellants' claim was barred by the doctrine of collateral estoppel. The district court did not, however, employ the analysis typically applied to determine whether a party is collaterally estopped from pursuing a claim. The elements of collateral estoppel are:

(1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and

(4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Pokorny v. Salas*, 2003 WY 159, ¶ 15, 81 P.3d 171, ¶ 15 (Wyo.2003). The issues litigated in *Hutchins I* included the nature of Ms. McDonald's interest in the property and Payless' right to foreclose upon that interest. *Hutchins I*, ¶ 2. Therefore, appellants were collaterally estopped from re-litigating those issues as they were expressed in Count 1. However, the appellants' claims for compensation for waste, improvements, and rents, raised in Count 2, were not adjudicated in that action. Consequently, the doctrine of collateral estoppel does not prohibit the appellants from raising those issues in this action.

[¶ 16] Nevertheless, the district court's decision to grant summary judgment in favor of Payless on those issues was correct. The only evidence in the record on the claims for waste, improvements, and rents is found in an affidavit executed by Ms. Hutchins. In that affidavit, Ms. Hutchins made bald assertions that Ms. McDonald had damaged the property and did not pay rents and that Ms. Hutchins had expended funds in repairing and improving the property. Appellants provide no authority for their claim that Payless is somehow liable for waste or loss of rent caused by its predecessor in interest, Ms. McDonald. On appellants' claim for contribution for the improvements and repairs made to the property, Ms. Hutchins did not specify the dates or circumstances of the damages, repairs, or improvements. If she had provided evidence that she made improvements after Payless foreclosed and became a co-tenant in the property, she could have maintained a claim pursuant to § 1–32–119. However, without such a showing, Ms. Hutchins' affidavit was insufficient to establish a material issue of fact on the claim that she was entitled to reimbursement for improvements to the property. *See e.g., Ahrenholtz*, ¶ 25; *Hutchins I*, ¶ 21. The District Court's ultimate decision to grant summary judgment in favor of Payless was, therefore, correct.

[¶ 17]   Finally, the appellants claimed that they were entitled to be compensated under the common law doctrine of owelty. Owelty is generally defined as: "Equality. An equalization charge." *Black's Law Dictionary,* 996 (5th ed.1979). "Owelty of partition" is defined as:

A sum of money paid by one of two coparceners or cotenants to the other, when a partition has been effected between them, but, the land not being susceptible of division into exactly equal shares, such payment is required to make the portions respectively assigned to them of equal value.

*Id.*

[¶ 18]   The Wyoming Supreme Court has never had an occasion to determine whether the doctrine of owelty is applicable to partitions of real property in this state. Owelty is used in other states to equalize the parties' interests when a physical or in-kind partition of the real property is made. *See e.g., Kravik v. Lewis,* 213 Mont. 448, 691 P.2d 1373, 1376–77 (1984); *Pino v. Sanchez,* 98 N.M. 150, 646 P.2d 577, 577–78 (1982). In this case, both parties agreed that, because the property included a home on a residential lot, an in-kind partition was impossible. This is not, therefore, the case for this Court to decide whether or not owelty should be recognized in Wyoming.

[¶ 19]   Affirmed.