**Bruce SIMON, d/b/a Prime Properties of Jackson Hole, Appellant (Plaintiff),**

**v.**

**TETON BOARD OF REALTORS,**
Appellees (Defendant).

No. 99–129.

Supreme Court of Wyoming.

April 11, 2000.

Representing Appellant: Clay D. Geittmann of James K. Lubing Law Offices, Jackson, Wyoming.

Representing Appellees: Andrea L. Richard of Rothgerber, Johnson & Lyons, LLP, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The resolution of this case requires this Court to rule upon the efficacy of a provision for procedural review, found in the National Association of Realtors Code of Ethics and Arbitration Manual (the manual), and the ninety-day period for filing an application to vacate an arbitration award set forth in the Uniform Arbitration Act, Wyo. Stat. Ann. §§ 1–36–101 through 1–36–119 (Lexis 1999). Bruce Simon, d/b/a Prime Properties of Jackson Hole (Simon), acknowledges that his claimed application to vacate the award (actually an action for declaratory judgment) was not filed within the ninety-day period provided in Wyo. Stat. Ann. § 1–36–114(b). Simon contends, however, that the statutory period was tolled by the filing of a request for procedural review in accordance with the manual, which was used by the Teton Board of Realtors (the Board). We agree with the ruling of the district court that the request for procedural review did not enlarge the time provided in the statute for an application to vacate the award. The Order Granting Defendant's Motion to Dismiss, entered in the district court, is affirmed.

This statement of the issues is found in the Brief of Appellant:

1. Did the Trial Court Err when it granted Appellee's Motion to Dismiss on the ground that Appellant failed to timely file his claim under the Wyoming Uniform Arbitration Act, W.S. § 1–36–114(b)?

2. Did the Trial Court Err when it granted Appellee's Motion to Dismiss on the ground that Appellant's Complaint and Amended Complaint failed to invoke the jurisdiction of the Court pursuant to the Wyoming Uniform Arbitration Act, W.S. § 1–36–101 et seq.?

3. Did the Trial Court Err when it granted Appellee's Motion to Dismiss on the ground that Appellant's Complaint failed to state a claim upon which relief can be granted?

This Statement of the Issues is found in the Brief of Appellee:

I. The district court correctly concluded that the Arbitration Act did not provide jurisdiction over appellant's claims

II. The district court properly concluded that appellant failed to state any claim upon which relief could be granted

III. The district court correctly concluded that appellant's claim was untimely and precluded by Wyo. Stat. 1–36–114(b)

In December 1997, Simon, acting as a broker, received a commission for the sale of a lot located at the Jackson Hole Golf and

Tennis Estates. After the sale was completed, Jackson Hole Realty claimed it was entitled to a portion of Simon's commission. Simon's agreement with the Board provided that such a dispute would be submitted to binding and mandatory arbitration. Neither Simon nor the Board objected to the panel of arbitrators that was selected, and at the conclusion of the hearing, held on August 6, 1998, both parties confirmed they had been afforded adequate opportunity to testify, present evidence and witnesses, and conduct cross-examination. The arbitrators, governed by the manual, decided that Simon owed Jackson Hole Realty $22,620.00, to be paid to the Board within twenty-one days from the August 6, 1998, written decision. According to the procedures established by the National Association of Realtors, the award was to be final, binding, and not reviewable.

Under the terms of the manual, a party in binding arbitration may not obtain any reconsideration of the arbitration award. However, the manual, in Section 53,[1] does provide for a limited procedural review of deficiencies or irregularities to ensure due process:

(a) * * * Notwithstanding the foregoing, a party to an arbitration proceeding may appeal to the Board of Directors only with respect to such alleged irregularities occurring in the conduct of the proceeding as may have deprived the party of fundamental "due process".

(b) After the award has been served upon each of the parties, they have twenty (20) days to request procedural review of the arbitration hearing procedure by the Board of Directors. If no such review is requested, the award becomes final and binding following the twenty (20) day period. However, if procedural review is requested, the award is not considered final and binding until after the Board of Directors has concluded that the hearing was conducted in a manner consistent with the Board's procedures and the parties have been afforded due process.

(c) The nonprevailing party shall have twenty (20) days following receipt of the award to request procedural review of the arbitration hearing procedure or to have legal counsel notify the Board Secretary or Executive Officer that a legal challenge to the validity of the award had been initiated.

On August 26, 1998, which can logically be inferred to be the twentieth day after the award was served upon him, Simon requested such a procedural review, asserting that he was denied due process in the arbitration proceeding. On November 13, 1998, the procedural review panel met to consider Simon's claim, and the panel determined that the arbitration proceeding complied with due process in all respects.

Simon was not satisfied with the result of the arbitration, and, on November 30, 1998, he filed a Complaint for Declaratory Judgment in an endeavor to overturn the arbitration award. On December 14, 1998, Simon filed an Amended Complaint for Declaratory Judgment. The Board moved to dismiss the complaint on December 18, 1998. Both parties submitted briefs and, after a hearing on the Motion to Dismiss, the district court entered its Order Granting Defendant's Motion to Dismiss. That order recited as findings:

1. Plaintiff's Complaint and Amended Complaint fail to invoke the Court's jurisdiction pursuant to the Wyoming Uniform Arbitration Act. Wyo. Stat. § 1–36–113; [2]

---

1. The record does not include a copy of the manual, and in this regard the Court relies upon apparently undisputed statements and quotations set forth by the parties in their several pleadings and briefs.

2. Wyo. Stat. Ann. § 1–36–113 provides:

Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award.

Wyo. Stat. Ann. § 1–36–114 provides:

(a) Upon application of a party the court shall vacate an award where:

(i) The award was procured by corruption, fraud or other undue means;

(ii) There was evident partiality by an arbitrator appointed as a neutral, corruption of any of the arbitrators or misconduct prejudicing the rights of any party;

(iii) The arbitrators exceeded their powers;

(iv) The arbitrators refused to postpone the hearing upon sufficient cause being shown, refused to hear evidence material to the controversy or otherwise conducted the hearing as

2. To the extent Plaintiff's Complaints contain allegations based on the Uniform Declaratory Judgment Act, Plaintiff fails to state a claim upon which relief can be granted and therefore dismissal is appropriate pursuant to Rule 12(b)(6);

3. More than 90 days have passed since delivery of the arbitration award to Plaintiff and therefore his claim is untimely and precluded under the terms of the Wyoming Uniform Arbitration Act. Wyo. Stat. § 1–36–114(b).

Simon has appealed to this Court from the Order Granting Defendant's Motion to Dismiss.

When reviewing a motion to dismiss presented under W.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted, we accept as true the facts alleged in the complaint, and consider them in the light most favorable to the party opposing dismissal. *Giacchino v. Estate of Stalkup,* 908 P.2d 983, 985 (Wyo.1995); *Feltner v. Casey Family Program,* 902 P.2d 206, 207 (Wyo.1995); *Martinez v. Associates Financial Services Co. of Colorado, Inc.,* 891 P.2d 785, 787 (Wyo.1995); *Veile v. Board of County Com'rs of Washakie County,* 860 P.2d 1174, 1177 (Wyo.1993); *Park County v. Cooney,* 845 P.2d 346, 349–50 (Wyo.1992), *cert. denied,* 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 30 (1993); *Moxley v. Laramie Builders, Inc.,* 600 P.2d 733, 734 (Wyo.1979). Dismissal under W.R.C.P. 12(b)(6) is a drastic remedy, which should be granted sparingly, and is appropriate only when it is certain the plaintiff cannot assert any facts that would entitle him to relief. *Duncan v. Afton,*

*Inc.,* 991 P.2d 739, 742 (Wyo.1999); *Gillis v. F & A Enterprises,* 934 P.2d 1253, 1255 (Wyo.1997); *Kautza v. City of Cody,* 812 P.2d 143, 145 (Wyo.1991); *Mostert v. CBL & Associates,* 741 P.2d 1090, 1092 (Wyo.1987). We have said, with respect to dismissal when an action is barred by the statute of limitations:

> Although dismissal is a drastic remedy which should be granted sparingly, a dismissal is proper where the complaint reflects that the action is barred by the applicable statute of limitations. *Feltner v. Casey Family Program,* 902 P.2d 206, 208 (Wyo.1995); *Boller v. Western Law Associates, P.C.,* 828 P.2d 1184, 1186 (Wyo. 1992).

*Gillis,* 934 P.2d at 1254. The proper application and interpretation of a statute is a question of law that we review de novo. *French v. Amax Coal West,* 960 P.2d 1023, 1027 (Wyo.1998); *Pecha v. Smith, Keller & Associates,* 942 P.2d 387, 390 (Wyo.1997); *Chevron U.S.A., Inc. v. State,* 918 P.2d 980, 983 (Wyo.1996).

The district court dismissed Simon's complaint for lack of subject matter jurisdiction because he failed to file an application to vacate the award within ninety days. The requirement for filing such an application is found in Wyo. Stat. Ann. § 1–36–114(b), which provides:

> (b) An application for vacating an award shall be made within ninety (90) days after delivery of a copy of the award to the applicant, or if predicated upon corruption,

to prejudice substantially the rights of a party; or

(v) There was no arbitration agreement, the issue was not adversely determined by a court as provided by law and the applicant did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.

(b) An application for vacating an award shall be made within ninety (90) days after delivery of a copy of the award to the applicant, or if predicated upon corruption, fraud or other undue means it shall be made within ninety (90) days after the grounds are known or should have been known.

(c) In vacating the award on grounds other than stated in subsection (a)(v) the court may order a rehearing before new arbitrators chosen as provided in the agreement or by the court in accordance with W.S. 1–36–105. If the award is vacated on grounds set forth in paragraph (a)(iii) or (iv) of this section the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with W.S. 1–36–105. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

fraud or other undue means it shall be made within ninety (90) days after the grounds are known or should have been known.

The Board maintains that because more than ninety days passed between August 6, 1998, when the arbitration hearing panel entered its award, and November 30, 1998, the day Simon filed his complaint in the district court, Simon exceeded the statutory time limit, and the district court, therefore, did not have subject matter jurisdiction.

■ Simon counters that the arbitration award was not final until the Board ruled on his request for a procedural review of the decision. First, Simon contends that the lack of a definition of "award" or "final award" in Wyo. Stat. Ann. § 1–36–114(b) permits this conclusion. To qualify as an award, all that is required is that it "be in writing and signed by the arbitrators joining in the decision." Wyo. Stat. Ann. § 1–36–110(a). The record is clear that such an award, clearly entitled "Award of Arbitrators," was received by Simon on August 6, 1998.

In *T & M Properties v. ZVFK Architects and Planners*, 661 P.2d 1040 (Wyo.1983), this Court had before it a situation in which the grounds to vacate an award were raised in an answer to the petition for recognition of award and judgment presented by the prevailing party in the arbitration proceeding. In that opinion, this Court said:

> On November 6, 1981, appellants were mailed a copy of the award. On January 28, 1982, appellee filed a petition for recognition of award and judgment in district court under § 1–36–113, supra. Appellants contend that since appellee filed a petition under § 1–36–113, supra, then they are allowed to assert affirmative defenses regardless of the 90–day time proscriptions of § 1–36–114(b), supra. Appellee argues that the time limits of this statute apply.
>
> Courts have ruled differently on this issue, but we think the better reasoned rule is that the time limits set out in § 1–36–114(b), supra, are applicable. It seems that the majority of jurisdictions which have adopted the Uniform Arbitration Act (7 Uniform Laws Annotated, 1978) follow this rule. In *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.*, 628 F.2d 1023 (7th Cir.1980), the court decided the question under an Indiana statute which provided:
>
> > "'Confirmation of an award.—Upon application of a party, but not before ninety [90] days after the mailing of a copy of the award to the parties, the court shall confirm an award, *unless within the time limits hereinafter imposed* grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13 and 14 of this act. * * * '" 628 F.2d at 1026.
>
> The fact that a party opposing an award delays in complying with it and effectively forces the other party into court to enforce the award should not accrue to the delaying party's benefit.
>
> " * * * As the district court observed, this policy [of requiring a motion to vacate or an answer filed within the original 90–day period] would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to be given its day in court when the plaintiff brought its suit in frustration to have the arbitration award enforced. If the defendant's defenses were of such vital importance to it, the defendant nevertheless had an opportunity to raise them in the manner contemplated by statute." *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.*, supra, at 1027.

Arbitration provides for voluntary settlement of disputes in an inexpensive and expeditious manner without resort to a tribunal and conducted without the rigid formality of strict rules of law. *Riverton Valley Electric Association v. Pacific Power and Light Company*, Wyo., 391 P.2d 489 (1964). Arbitration is embedded in the public policy of Wyoming and is favored by this court. *Matter of Town of Greybull*, Wyo., 560 P.2d 1172 (1977). The short time period set out in § 1–36–114(b), su-

pra, gives the arbitration award finality by forcing a party who opposes to petition the courts within 90 days.

Appellants here, through their answer, were asking for the affirmative relief of having the arbitration award vacated. There are two ways in which a party may present reasons for vacating an award: (1) by filing a petition with the trial court to vacate the award; or (2) by raising reasons supporting vacation in an answer to the other party's petition to confirm. However, the answer itself must be filed within the 90–day time limit.

> " * * * Although the answer is not framed as a counterclaim, the 'defenses' raised therein constitute a request for affirmative relief, namely, vacation of the arbitration award. A counterclaim for affirmative relief may not be asserted if barred by the statute of limitations. [Citation.]" *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.,* supra at 1027.

* * *

The filing of a petition to confirm thus does not extend the 90–day statutory time period within which a request for vacation of the award must be presented. [Citations omitted.]

*T & M Properties,* 661 P.2d at 1042–43.

Simon's request for procedural review is analogous to the motion to alter or amend the judgment under W.R.C.P. 59 filed in *Sherman v. Rose,* 943 P.2d 719 (Wyo.1997). In that case, we held that Sherman's motion to reconsider did not qualify as a motion to alter or amend the judgment which would toll the period for filing the notice of appeal, saying:

> A motion styled as a motion for reconsideration, if filed within the ten day period, generally could be considered a motion to alter or amend a judgment under W.R.C.P. 59(e). *See Waye v. First Citizen's Nat. Bank,* 846 F.Supp. 310, 313 (M.D.Pa.1994). A determination, however, as to whether a motion to reconsider should be deemed a motion to alter or amend the judgment depends upon the contents of the motion, not its title. *See*

> *Davis v. Lukhard,* 106 F.R.D. 317, 318 (E.D.Va.1984). In order to qualify for treatment as a motion to alter or amend a judgment, the motion must articulate a new ground which could not have been brought before the court during the action and upon which the trial court should utter a different ruling. The motion to alter or amend cannot be invoked simply to argue matters already presented and disposed of by the trial court. *See Lukhard,* 106 F.R.D. at 318; *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986). Appropriate new grounds are: 1) an intervening change in controlling law; 2) the availability of new evidence not available at the time the case was originally heard; or 3) the need to correct a clear error of law or prevent manifest injustice. *See Waye,* 846 F.Supp. at 313; *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990). A motion that does not contain any of these new grounds is not a motion to alter or amend the judgment, and the time for filing a notice of appeal runs from the date of the judgment. *See Frito–Lay of Puerto Rico, Inc. v. Cañas,* 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981). The filing of a motion that is not to be treated as a motion to alter or amend the judgment will not stay the time for appeal. *See Lukhard,* 106 F.R.D. at 318.

*Sherman,* 943 P.2d at 721 (footnote omitted). Like the situation in *Sherman,* the procedural review that Simon sought could not adjust the merits of the award by the arbitrators in any way. Simon was not entitled to raise an intervening change in controlling law; the availability of new evidence not available at the time the case was originally heard; or the need to correct a clear error of law or prevent manifest injustice.

■ Consequently, the requested procedural review could not stay the time for pursuing the statutory remedies relating to the award of the arbitrators, any more than the pleading of the affirmative defenses in *T & M Properties* could extend the ninety-day requirement in the statute. As this Court said in *Jackson State Bank v. Homar,* 837 P.2d 1081, 1086 (Wyo.1992):

Arbitration is strongly embedded in the public policy of this state and is favored by this court as a voluntary method to settle disputes in an inexpensive and expeditious manner without resort to strict rules of law and the rigid formality of a tribunal. *Hot Springs [Hot Springs Co. Sch. Dist. No. 1 v. Strube Constr. Co.,* 715 P.2d 540 (Wyo. 1986) ], 715 P.2d at 547; *T & M Properties,* 661 P.2d at 1043; *Am. Nat'l Bank [Am. Nat'l Bank of Denver v. Cheyenne Housing Authority,* 562 P.2d 1017 (Wyo. 1977), 562 P.2d at 1020; *Matter of Town of Greybull,* 560 P.2d 1172, 1175 (Wyo.1977); *Riverton Valley Elec. Ass'n v. Pacific Power & Light Co.,* 391 P.2d 489, 495 (Wyo.1964).

We hold that Simon's claim of lack of finality is erroneous because it would be antithetical to the articulated public policy of Wyoming and incompatible with the ruling in *T & M Properties.* This holding resolves this case.

■ We turn our attention only briefly to the other grounds for dismissal invoked by the district court and challenged in the second and third issues asserted by Simon. He filed an action for declaratory judgment, and initially requested the district court to intervene because the arbitration award was "arbitrary and capricious and not supported by fact or law." The original Complaint for Declaratory Judgment is couched in language that makes it appear to be a strained effort to invoke judicial review of the award under the Wyoming Administrative Procedure Act. Judicial review of an arbitration award specifically is limited by the Uniform Arbitration Act. The appropriate remedy, of course, was an application to vacate the award pursuant to Wyo. Stat. Ann. § 1–36–114, or to modify or correct the award in accordance with Wyo. Stat. Ann. § 1–36–115.[3]

■ As to the failure to state a claim for relief under the Uniform Declaratory Judgments Act (Wyo. Stat. Ann. §§ 1–37–101 through 1–37–114 (Lexis 1999)), we do not understand that Simon contends that he has such a remedy. If that is his understanding of the law, he is correct. A declaratory judgment action cannot substitute for an appeal. *Rocky Mountain Oil and Gas Ass'n v. State,* 645 P.2d 1163, 1168 (Wyo.1982). No more would it be appropriate to permit it to be substituted for another specific statutory remedy. *See M & B Drilling and Const. Co., Inc. v. State Bd. of Equalization,* 706 P.2d 243, 246 (Wyo.1985). The purpose of the Uniform Declaratory Judgments Act "is to settle and to afford relief from uncertainty and insecurity with respect to legal relations, and is to be liberally construed and administered." Wyo. Stat. Ann. § 1–37–114. There is no uncertainty regarding the legal relationship of Simon and the Board; they agreed to arbitrate all disputes. The Declaratory Judgment Act cannot be construed to extend a new right to challenge final and binding arbitration awards when such a right is foreclosed under the Uniform Arbitration Act.

■ We understand, instead, that Simon argues the sufficiency of the Amended Complaint for Declaratory Judgment to allege a claim to vacate the award of the arbitrators. He relies upon the liberal construction of pleadings under the Wyoming Rules of Civil Procedure. The Wyoming Rules of Civil Procedure do apply in actions relating to arbitration; yet it is necessary that the pleading give the adversary fair notice of the claim against him. *Jackson State Bank,* 837

3. Wyo. Stat. Ann. § 1–36–115 provides:

(a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(i) There was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;

(ii) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(iii) The award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award as to intent and shall confirm the award as so modified and corrected. Otherwise the court shall confirm the award as made.

(c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

P.2d at 1085–86. We have compared carefully the allegations of the Amended Complaint for Declaratory Judgment with the statutory grounds for vacating, modifying or correcting the award of the arbitrators as they appear in Wyo. Stat. Ann. §§ 1–36–114(a) and 1–36–115. The closest match to any of the statutory grounds is the articulation of Simon's belief that the arbitrators were biased and he was not allowed to present his case as intended, alleged in the context of his request for procedural review, and a conclusional allegation that Simon was deprived of due process. We hold that these allegations were not sufficient to furnish the Board with fair notice of a claim to vacate, modify or correct the award as required by *Jackson State Bank*. Consequently, the rulings of the district court that Simon failed to invoke jurisdiction under the Uniform Arbitration Act and that the Amended Complaint for Declaratory Judgment did not suffice to state a claim upon which relief could be granted also are correct.

The Uniform Arbitration Act was adopted to provide parties with a quick and efficient means to resolve disputes other than through litigation. If this Court were to allow parties to bring a declaratory judgment action solely because they are unhappy with the decision of the arbitrators, the very purpose of the Uniform Arbitration Act would be frustrated. Similarly, an application for procedural review cannot extend the ninety-day statutory period for filing an application in the district court to vacate, modify, or correct the award. That also would frustrate the policy of the Uniform Arbitration Act.

We affirm the district court's Order Granting Defendant's Motion to Dismiss.