2004 WY 109

**Tim SCHERER, Appellant (Plaintiff),**

v.

**SCHULER CUSTOM HOMES CON-STRUCTION, INC., a Wyoming corporation, Appellees (Defendants).**

No. 03–147.

Supreme Court of Wyoming.

Sept. 22, 2004.

Rehearing Denied Oct. 19, 2004.

Representing Appellant: Mark W. Gifford, Casper, Wyoming.

Representing Appellee: Stephen R. Winship of Winship & Winship, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Appellant Tim Scherer ("Mr. Scherer") appeals from the district court's order granting a summary judgment in favor of Schuler Custom Homes Construction, Inc. ("Schuler Custom Homes"). The district court dismissed Mr. Scherer's complaint ruling that a clause in the parties' construction contract, which provided for resolution of disputes over the contract by mediation and/or arbitration, was "applicable and should be enforced." We conclude that Schuler Custom Homes waived alternative dispute resolution, and, therefore, reverse and remand for further court proceedings.

## ISSUES

[¶ 2] Mr. Scherer presents the following issues on appeal:

1  Whether a mediation/arbitration provision in a construction contract is en-forceable where the general contractor abandons the construction project, thereby repudiating the contract.

2.  If the mediation/arbitration provision is enforceable, whether the general contractor waived the mediation/arbitration provision when it refused to participate in arbitration.

3.  Whether the district court abused its discretion in denying Appellant's motion for leave to file an amended complaint to add claims for fraud in the inducement and negligent misrepresentation.

[¶ 3] Schuler Custom Homes phrases the appellate issues as follows:

1.  Whether the lower court erred in enforcing the parties' agreement to submit their disputes to alternative dispute resolution. ·

2.  After determining that there was no jurisdiction because of the parties' agreement to submit their disputes to alternative dispute resolution, did the lower court abuse its discretion in denying Appellant's motion to amend his Complaint[?]

## FACTS

[¶ 4] On October 14, 2002, Mr. Scherer and Schuler Custom Homes entered into a contract for construction of a home at the base of Casper Mountain. The contract contained the following provision:

A. Mediation and Arbitration: The parties agree that if a dispute arises between them relating to this agreement, they will not file litigation, but will informally resolve the dispute between themselves or submit the dispute to mediation or arbitration. When a dispute arises which the parties are unable to resolve between themselves, the parties shall proceed in good faith to jointly appoint an acceptable mediator and will share equally in the cost of such mediator. The mediation shall be privileged and confidential as provided by Wyoming law. In the event the mediation fails to resolve the matter within forty-five (45) calendar days from the date the dispute arises, the parties

agree that the matter shall be submitted to binding arbitration. The arbitration shall be governed by the Wyoming Uniform Arbitration Act as now in effect or later amended, and, absent agreement of the parties to the contrary, each party shall select an arbitrator within fifteen (15) days of the failure of mediation and the two arbitrators shall name a third arbitrator. Unless otherwise decided by the arbitration panel, the parties shall share equally in the cost of such arbitrators.

[¶ 5] Shortly after construction commenced, Mr. Scherer notified Schuler Custom Homes of defects in its workmanship and requested that the parties execute certain change orders to the project. Schuler Custom Homes did not address these issues to Mr. Scherer's satisfaction, and the business relationship between the parties deteriorated. On February 4, 2003, the parties had a meeting regarding the project, which culminated in an argument. At that meeting Mr. Scherer told Schuler Custom Homes that, unless the defects were corrected, he was going to terminate the contract. Mr. Scherer also told Schuler Custom Homes that he would expect a refund of some of the nearly $150,000 he had already paid for construction of the home.

[¶ 6] On February 6, 2003, Mr. Scherer delivered a letter to Schuler Custom Homes, outlining the outstanding problems and demanding that Schuler Custom Homes proceed with the construction according to the contract. In response to Mr. Scherer's letter, Schuler Custom Homes verbally communicated that it was terminating the contract and would not refund any of the money that Mr. Scherer had paid. Although Schuler Custom Homes did attempt some repair work the next day, it did not perform any additional work on the project after February 7, 2003. Mr. Scherer personally secured the site to prevent damage to the structure and hired other contractors to complete construction of the home.

[¶ 7] On February 10, 2003, Mr. Scherer filed a complaint against Schuler Custom Homes alleging breach of contract. Schuler Custom Homes filed a motion to dismiss the lawsuit claiming that the parties were re-quired to submit their disagreement to alternative dispute resolution. On March 17, 2003, Mr. Scherer sent a letter to Schuler Custom Homes demanding arbitration and proposing an arbitrator. That letter referenced a February 26, 2003, letter in which Mr. Scherer stated that he was willing to stipulate to a stay of the pending litigation to arbitrate the dispute. On March 24, 2003, Schuler Custom Homes responded to Mr. Scherer's arbitration proposal by stating that it was unwilling to stipulate to a stay of the pending litigation and suggesting the parties should try to mediate their disagreement. The letter did not, however, contain any specifics on the mediation proposal, such as the suggestion of a mediator or a schedule for conducting the mediation.

[¶ 8] Without making any further effort towards alternative dispute resolution, Schuler Custom Homes simply filed an amended motion to dismiss the complaint. On May 15, 2003, Mr. Scherer withdrew his offer to arbitrate because Schuler Custom Homes had failed to nominate an arbitrator. Mr. Scherer filed a response to Schuler Custom Homes' motion to dismiss and a motion for leave to amend its complaint to add claims for fraud in the inducement, intentional and/or negligent misrepresentation, and piercing of the corporate veil.

[¶ 9] The district court held a hearing on the parties' pending motions. Because the parties submitted materials apart from the pleadings, the district court properly converted Schuler Custom Homes' motion to dismiss to a motion for summary judgment. At the conclusion of the hearing, the district court granted summary judgment in favor of Schuler Custom Homes, ruling that the alternative dispute provision of the agreement was applicable and should be enforced. The district court further ordered that Mr. Scherer's motion for leave to file an amended complaint was rendered moot by its summary judgment ruling. Mr. Scherer appealed.

## DISCUSSION

1. Jurisdiction

[¶ 10] After reviewing the record and the parties' briefs, we became concerned

that this Court might not have jurisdiction over this appeal because the district court's ruling did not finally decide the parties' dispute. We, therefore, raise the jurisdiction issue *sua sponte.* See e.g., *Terex Corp. v. Hough,* 2002 WY 112, ¶ 6, 50 P.3d 317, ¶ 6 (Wyo.2002); *Ahearn v. Anderson–Bishop Partnership,* 946 P.2d 417, 422 (Wyo.1997).

■ [¶ 11] Wyoming Rule of Appellate Procedure 1.05 defines an appealable order as:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

[¶ 12] The district court granted summary judgment in favor of Schuler Custom Homes and dismissed Mr. Scherer's complaint. An order granting summary judgment is generally an appealable order because it ends a proceeding. See e.g., *Hutchins v. Payless Auto Sales, Inc.,* 2004 WY 22, 85 P.3d 1010 (Wyo.2004); *Ahrenholtz v. Laramie Economic Development Corp.,* 2003 WY 149, 79 P.3d 511 (Wyo.2003). In this case, however, the district court's order did not decide the parties' underlying dispute, but simply dismissed the case and ordered the parties to resolve their disagreement outside of the traditional court process. The matter was not stayed and the district court did not maintain oversight authority over the alternative dispute resolution process. Consequently, any future appeal from an arbitration decision would have to be commenced in a new and separate action. Wyoming's version of the Uniform Arbitration Act specifically allows for the parties to commence a new action to review an arbitrator's decision. Wyo. Stat. Ann. §§ 1–36–101 (LexisNexis 2003), *et. seq.* Thus, it is clear that the district court's summary judgment ruling finally ended this particular action.

[¶ 13] Furthermore, the issues raised in this appeal concern the applicability and enforceability of the alternative dispute resolution clause in the first instance. If we deny review of that question at this juncture, we would be requiring the parties to undertake the time and expense of mediation and/or arbitration without a final determination of whether such a proceeding is even required by the contract. It promotes a wise use of resources to issue a final ruling on whether alternative dispute resolution is required at this point. We, therefore, conclude that the district court's order granting a summary judgment in favor of Schuler Custom Homes is a final order pursuant to W.R.A.P. 1.05 and this court has jurisdiction to review it.

2. Enforceability of Arbitration Clause

[¶ 14] The district court granted summary judgment in favor of Schuler Custom Homes, ruling that the alternative dispute resolution provision was applicable and should be enforced. Mr. Scherer presents two arguments in support of his position that the alternative dispute resolution provision is not enforceable: 1) Schuler Custom Homes repudiated the contract; and 2) Schuler Custom Homes waived its right to alternative dispute resolution. Our decision on the waiver issue is dispositive; consequently, we will not address Mr. Scherer's argument that Schuler Custom Homes repudiated the contract.

■ [¶ 15] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Owsley v.*

*Robinson,* 2003 WY 33, ¶ 7, 65 P.3d 374, ¶ 7 (Wyo.2003). See also, W.R.C.P. 56(c). The material facts relating to Mr. Scherer's argument that Schuler Custom Homes waived its right to alternative dispute resolution are not in dispute. Consequently, our inquiry focuses on applying the law of waiver to those undisputed facts. Accord, *Ryel v. Anderies,* 4 P.3d 193, 195 (Wyo.2000). We review questions of law *de novo* without giving any deference to the district court's determinations. *Hasvold v. Park County School Dist. No. 6,* 2002 WY 65, ¶ 11, 45 P.3d 635, ¶ 11 (Wyo. 2002).

[¶ 16] This Court favors arbitration or other forms of alternative dispute resolution. *Stewart Title Guaranty Co. v. Tilden,* 2003 WY 31, ¶ 7, 64 P.3d 739, ¶ 7 (Wyo.2003); *Simon v. Teton Board of Realtors,* 4 P.3d 197, 201 (Wyo.2000). Alternative dispute resolution allows parties to resolve their differences in a less expensive and more timely manner than traditional litigation does. *Stewart Title Guaranty Company,* ¶ 7. In deference to our policy of encouraging arbitration, we will not lightly infer a claim that alternative dispute resolution was waived. *Jackson State Bank,* 837 P.2d at 1086. Nevertheless, "we have recognized that a contractual right to arbitration may be waived either expressly or implicitly." *Id.;* See also, *Garaman, Inc. v. Williams,* 912 P.2d 1121, 1126–27 (Wyo. 1996). The traditional elements of waiver are: "(1) an existing right; (2) knowledge of that right; and (3) an intent to relinquish it." *Jackson State Bank,* 837 P.2d at 1086. We also look to factors which are specific to waiver of a contractual right to arbitration, including whether the party seeking arbitration has: (1) previously taken action inconsistent with the intent to participate in arbitration; (2) unreasonably delayed in seeking arbitration; or (3) has acted in bad faith or with willful misconduct. *Id.* at 1086–87, *citing, Christensen v. Dewor Developments,* 33 Cal.3d 778, 191 Cal.Rptr. 8, 661 P.2d 1088, 1091 (1983).

[¶ 17] In this case, Schuler Custom Homes was obviously aware of its right to invoke alternative dispute resolution. The agreement clearly provided for resolving disputes through mediation and/or arbitration. The plain language of the agreement stated that the parties should try to mediate their differences and, if that failed, then they would submit their differences to binding arbitration. The alternative dispute resolution was to take place within a short period of time after the dispute developed.

[¶ 18] Mr. Scherer's decision to file his complaint within days after the dispute developed was, obviously, premature. We cannot, however, ignore the fact that, after Schuler Custom Homes filed its motion to dismiss the litigation claiming that the matter should be submitted to alternative dispute resolution under the terms of the contract, Mr. Scherer offered to stay the litigation pending arbitration. On March 17, 2003, Mr. Scherer reiterated his offer to stay the litigation while arbitration was pending and even nominated an arbitrator. When Schuler Custom Homes finally responded to Mr. Scherer's arbitration proposals on March 24, 2003, it stated that it was unwilling to stay the litigation and made some vague remarks about mediation. Schuler Custom Homes did not, however, suggest a mediator or an arbitrator or present any concrete options for alternative dispute resolution. Notably, the contractual deadline for mediation, which required that disputes be mediated within forty-five days after they arose, had already expired when Schuler Custom Homes proposed mediation. On May 1, 2003, Schuler Custom Homes renewed its motion to dismiss the litigation without taking any steps to further alternative dispute resolution or asking the district court to intervene and compel alternative dispute resolution. On May 15, 2003, more than three months after the dispute arose, Mr. Scherer withdrew his offer to arbitrate.

[¶ 19] In light of these facts, we are led to the inescapable conclusion that Schuler Custom Homes' strategy was to delay resolution of this matter and not to exercise its rights under the contract for alternative dispute resolution. When faced with a direct request for alternative dispute resolution, it chose to ignore that request. Although Schuler Custom Homes stated that the parties should

resolve their dispute through mediation, it made its suggestion after the forty-five day deadline had already expired and it took no affirmative action to advance mediation or any other form of alternative dispute resolution.

[¶ 20]   Under Wyoming's version of the Uniform Arbitration Act, Schuler Custom Homes could have requested that the district court order the parties to proceed with arbitration.   Wyo. Stat. Ann. § 1–36–104 (LexisNexis 2003).   Schuler Custom Homes did not take advantage of that option and, in fact, resisted Mr. Scherer's efforts to move forward with alternative dispute resolution. When faced with a similar situation in the *Garaman* case, we concluded that Garaman waived his right to have the parties' disputes arbitrated by failing to request that the district court order the parties to arbitrate their differences under § 1–36–104.   *Garaman,* 912 P.2d at 1126–27.

[¶ 21]   It is clear, therefore, that Schuler Custom Homes' only goal was to have the litigation dismissed.   Schuler Custom Homes' conduct did not comport with the spirit of the alternative dispute resolution provision of the agreement, which created a mechanism for a prompt resolution of the parties' differences.   We conclude, therefore, that Schuler Custom Homes waived its right to alternative dispute resolution.   This case is reversed and remanded to the district court for further proceedings in the district court, including a determination of Mr. Scherer's motion for leave to amend his complaint, as that motion is no longer moot.

[¶ 22]   Reversed and remanded.