2008 WY 26

**Keith T. VOGT, Appellant (Defendant),**

v.

**MBNA AMERICA BANK,**
**Appellee (Plaintiff).**

No. S–07–0188.

Supreme Court of Wyoming.

March 6, 2008.

---

Representing Appellant: Pro se.

Representing Appellee: Rocklon L. Edmonds, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] Keith Vogt appeals from the district court's order confirming an arbitration award and granting a judgment to MBNA America Bank (MBNA). On the record before us, we

find no error in the district court's decision. Consequently, we affirm.

## ISSUES

[¶ 2]   Mr. Vogt does not include a separate statement of the issues, as required by W.R.A.P. 7.01.   His brief, however, includes the following assertions:

1. Laramie County Court does not have jurisdiction over the matter because of diversity of citizenship and statute.
2. A motion for a restraining order filed and served on appellee-plaintiff constitutes notice of not consenting to arbitration proceedings.
3. The court has not heard objections to appellee-plaintiff's motion.

MBNA phrases the issues as:

I.   Whether the district court had jurisdiction to confirm the arbitration.

II.   Whether the district court properly confirmed the arbitration award pursuant to W.S. Sections 1–36–101 *et. seq.*

## FACTS

[¶ 3]   The record on appeal is very limited.   On March 2, 2007, MBNA filed a petition for confirmation of arbitration award. The arbitration award was attached to the petition and stated in relevant part:

### Case Summary

1. The Claimant [MBNA] has filed a Claim with the National Arbitration Forum.
2. After Proof of Service of the Claim was filed with the Forum, the Forum mailed to Respondent a Second Notice of Arbitration.
3. An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
4. The Parties have had the opportunity to present all evidence and information to the Arbitrator.

5. The Arbitrator has reviewed all evidence submitted in this case.

### Decision

. . .

3. The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4. On or before 12/22/2005 the Parties entered into a written agreement to arbitrate their dispute.[1]
5. No Party has asserted that this Arbitration Agreement is invalid or unenforceable.
6. The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
7. This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.

. . .

9. The evidence submitted supports the issuance of this Award.
10. The applicable substantive law supports the issuance of the Award.

Therefore, the Arbitrator ISSUES:

An Award in favor of the Claimant, for a total amount of $3,374.49.

[¶ 4]   Mr. Vogt filed a motion to dismiss the petition to confirm the arbitration award, apparently claiming the district court did not have jurisdiction because MBNA was not authorized to transact business in Wyoming as it was a Delaware corporation and did not have a certificate of authority issued by the Wyoming Secretary of State.   The district court denied Mr. Vogt's motion to dismiss. It concluded that it had jurisdiction over the subject matter and parties pursuant to the Uniform Arbitration Act, Wyo. Stat. Ann. § 1–36–101, *et. seq.*   (LexisNexis 2007).   Addressing Mr. Vogt's claim that MBNA was not authorized to transact business in Wyoming, it ruled MBNA was a "National Bank" that was not required to register with the Wyoming Secretary of State because it is

---

**1.**   Although this fact is not confirmed in the record, the parties agree their dispute involved a   MBNA credit card account.

registered with the Federal Office of the Comptroller of the Currency.

[¶ 5] The district court entered an order confirming the arbitration award and granting a judgment in favor of MBNA. The court noted that Mr. Vogt had not filed a timely motion to vacate or modify the award under the arbitration statute. Mr. Vogt filed a notice of appeal. He apparently did not, however, designate any portions of the record for our review. MBNA designated the limited record we have before us.

## DISCUSSION

### 1. *Jurisdiction*

[¶ 6] In his first issue, Mr. Vogt claims the district court did not have jurisdiction over the arbitration confirmation proceedings. Subject matter jurisdiction is an issue of law that may be raised at any time by any party or by the court on its own motion. *Thunder Basin Coal Co. v. Campbell County*, 2006 WY 44, ¶ 36, 132 P.3d 801, 813 (Wyo.2006); *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, ¶ 33, 109 P.3d 893, 902 (Wyo.2005).

[¶ 7] Section 1–36–102 defines judicial jurisdiction over arbitration matters:

"Court" means the district court having jurisdiction of the parties. An agreement providing for arbitration in this state may be enforced by the court in the county where the parties to the controversy reside or may be personally served.

Mr. Vogt argues that MBNA is a Delaware corporation that does not have a certificate of authority from the Wyoming Secretary of State's office and, thus, could not be personally served in Laramie County. The district court concluded that it had jurisdiction to confirm the arbitration award because MBNA is a "National Bank" and, therefore, was not required to register with the Wyoming Secretary of State.

[¶ 8] The record on appeal contains no evidence relevant to the jurisdiction issue. There is no information about whether or not MBNA is a Delaware corporation, registered in Wyoming and/or a "National Bank." "An appellant bears the burden of bringing to the reviewing court a sufficient

record on which to base its decision." *Aragon v. Aragon*, 2005 WY 5, ¶ 20, 104 P.3d 756, 762 (Wyo.2005). Absent a sufficient appellate record, we must presume there was a sufficient evidentiary basis for the district court's decision. *See, e.g., Montoya v. Navarette–Montoya*, 2005 WY 161, ¶ 8, 125 P.3d 265, 269 (Wyo.2005); *Burt v. Burt*, 2002 WY 127, ¶ 7, 53 P.3d 101, 103 (Wyo.2002).

[¶ 9] On the record before us, we accept the district court's factual finding that MBNA is a "National Bank." Mr. Vogt offers no pertinent legal authority or cogent argument to contest the district court's legal conclusion that, because MBNA is a "National Bank," it had jurisdiction to confirm the arbitration award. *See Pittard v. Great Lakes Aviation*, 2007 WY 64, ¶ 47, 156 P.3d 964, 977 (Wyo.2007). We, therefore, summarily affirm the district court's ruling that it had jurisdiction to confirm the arbitration award.

### 2. *Consent/Agreement to Arbitrate Dispute*

[¶ 10] In his second argument, Mr. Vogt claims that he did not consent to the arbitration proceeding and his non-consent is evidenced by a motion he filed in federal court to temporarily enjoin MBNA from conducting further collection actions. He also briefly argues that he was not properly notified of the arbitration.

[¶ 11] Before we address Mr. Vogt's specific arguments, it is worthwhile to reiterate our general policies regarding arbitration. "This Court favors arbitration or other forms of alternative dispute resolution." *Scherer v. Schuler Custom Homes Const., Inc.*, 2004 WY 109, ¶ 16, 98 P.3d 159, 163 (Wyo.2004). *See also, Welty v. Brady*, 2005 WY 157, ¶ 21, 123 P.3d 920, 926–27 (Wyo.2005); *T & M Properties v. ZVFK Architects and Planners*, 661 P.2d 1040, 1043 (Wyo.1983). Arbitration provides a means for parties to "resolve their differences in a less expensive and more timely manner than traditional litigation does." *Scherer*, ¶ 16, 98 P.3d at 163. *See also, Stewart Title Guaranty Co. v. Tilden*, 2003 WY 31, ¶ 7, 64 P.3d 739, 741–42 (Wyo.2003). As a general rule, we are reluctant to upset the arbitrator's

resolution of a controversy. *Pecha v. Smith, Keller & Assocs.*, 942 P.2d 387, 390 (Wyo. 1997).

[¶ 12] With regard to Mr. Vogt's claim that he did not consent to, or receive notice of, the arbitration, the arbitrator's decision stated that the parties had agreed to arbitrate their dispute, the arbitration agreement was valid and enforceable and covered all issues in dispute, and the parties had received proper notice of the arbitration. Typically, the determination of whether the arbitrator exceeded its authority involves a question of law that we review *de novo*. *Welty*, ¶ 12, 123 P.3d at 925. Nevertheless, we need a sufficient record in order to review the issue. Mr. Vogt attached to his brief a copy of his federal court motion to temporarily enjoin MBNA from conducting further collection actions, which he claims establishes his non-consent to the arbitration proceeding. However, neither the motion nor the order ruling on the motion is included in the official appellate record, so we have no way of knowing whether the federal court matter had any bearing on the arbitration. The arbitration agreement is also not included in the record on appeal.

[¶ 13] As we stated above, the appellant has the responsibility to designate a sufficient record, and "he cannot supplement the appellate record by attaching documents to his brief." *CJ v. SA (In re Adoption of ADA)*, 2006 WY 49, ¶ 10 n. 1, 132 P.3d 196, 201 n. 1 (Wyo.2006). *See also, Barnes v. Barnes*, 998 P.2d 942, 945 (Wyo.2000). Thus, Mr. Vogt's second argument must be summarily rejected for the same reason we rejected his first argument—there is no information in the record for us to review his claim of error. Under these circumstances, we presume there was sufficient evidence to support the arbitrator's findings that the parties had agreed to arbitrate their dispute and Mr. Vogt received proper notice of the arbitration. Moreover, as we discuss in detail below, Mr. Vogt did not properly object to the arbitrator's award to warrant a review of this issue.

### 3. Objections to MBNA's Motion to Confirm Arbitration Award

[¶ 14] MBNA filed a petition to confirm the arbitration award. Section 1–36–113 governs arbitration confirmation proceedings:

Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award.

[¶ 15] Mr. Vogt contends that the court did not hear his objections to MBNA's motion to confirm the arbitration award. A party may raise objections to an arbitration award by filing a timely petition to vacate, modify or correct the award or a timely answer to a petition to confirm the award. *T & M Properties*, 661 P.2d at 1043. *See also, Simon v. Teton Board of Realtors*, 4 P.3d 197, 204 (Wyo.2000). Section 1–36–114[2] pro-

---

2. Section 1–36–114 states:

(a) Upon application of a party the court shall vacate an award where:

   (i) The award was procured by corruption, fraud or other undue means;

   (ii) There was evident partiality by an arbitrator appointed as a neutral, corruption of any of the arbitrators or misconduct prejudicing the rights of any party;

   (iii) The arbitrators exceeded their powers;

   (iv) The arbitrators refused to postpone the hearing upon sufficient cause being shown, refused to hear evidence material to the controversy or otherwise conducted the hearing as to prejudice substantially the rights of a party; or

   (v) There was no arbitration agreement, the issue was not adversely determined by a court as provided by law and the applicant did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.

(b) An application for vacating an award shall be made within ninety (90) days after delivery of a copy of the award to the applicant, or if predicated upon corruption, fraud or other undue means it shall be made within ninety (90) days after the grounds are known or should have been known.

(c) In vacating the award on grounds other than stated in subsection (a)(v) the court may order a rehearing before new arbitrators chosen as provided in the agreement or by the court in accordance with W.S. 1–36–105. If the award is vacated on grounds set forth in paragraph (a)(iii) or (iv) of this section the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with W.S. 1–36–105. The time within

vides the bases for vacating an arbitration award, and § 1–36–115[3] pertains to modification or correction of an award. An application under either provision must be made within 90 days of the date of delivery of a copy of the award to the applicant or if the application to vacate the award is "predicated upon corruption, fraud or undue means it shall be made within ninety (90) days after the grounds are known or should have been known." Sections 1–36–114(b) and 1–36–115(a). Absent a timely objection, the district court was required to confirm the arbitration award. Section 1–36–113.

[¶ 16] The record on appeal contains only one filing by Mr. Vogt in response to MBNA's motion to confirm the arbitration award—the motion to dismiss addressed above. There is nothing in the record to indicate that he filed a motion to vacate, modify or correct the arbitration award or otherwise objected to the award. Thus, the district court did not have any basis to question the arbitration award and properly confirmed it in accordance with § 1–36–113.

[¶ 17] Affirmed.

which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

    (d) If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award.

**3.** Section 1–36–115 states:

    (a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

      (i) There was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;

      (ii) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

      (iii) The award is imperfect in a matter of form, not affecting the merits of the controversy.

    (b) If the application is granted, the court shall modify and correct the award as to intent and shall confirm the award as so modified and corrected. Otherwise the court shall confirm the award as made.

    (c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.