# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 112

OCTOBER TERM, A.D. 2023

November 20, 2023

EMPRES AT RIVERTON, LLC d/b/a WIND
RIVER REHABILITATION AND
WELLNESS, a foreign LLC; EMPRES
WYOMING HEALTHCARE, LLC, a foreign
LLC; EMPRES HEALTHCARE GROUP,
INC., a foreign corporation; EMPRES
FINANCIAL SERVICES, LLC, a foreign
LLC; and EMPRES HEALTHCARE
MANAGEMENT, LLC, a foreign LLC,

Appellants
(Defendants),

v.                                                              S-23-0082

TERI OSBORNE, appointed Wrongful Death
Representative and Special Administrator for
the Estate of Loy Forshee, deceased,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
> Michael J. Estok, Lindsay Hart, LLP, Portland Oregon. Amanda Hunkins Newton,
> Crowley Fleck PLLP, Cheyenne, Wyoming. Argument by Mr. Estok.

*Representing Appellee:*
> Larry B. Jones and Colin M. Simpson, Burg Simpson Eldredge Hersh and Jardine,
> P.C., Cody, Wyoming. Diana Rhodes and Traci Rivinus, Rhodes Law Firm, LLC,
> Cheyenne, Wyoming. Argument by Mr. Jones.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1] EmpRes at Riverton, LLC, doing business as Wind River Rehabilitation and Wellness (Wind River Rehabilitation), appeals the district court's denial of a motion to compel arbitration. We reverse.

## *ISSUE*

[¶2] The single issue before us is whether Appellants waived their right to compel arbitration.

## *FACTS*

[¶3] In 2015, Loy Forshee, at the age of 80, lost the ability to care completely for himself. He moved to Wind River Rehabilitation, a residential skilled nursing facility in Riverton, Wyoming. As part of the admissions process when he moved in, Mr. Forshee agreed to a voluntary Alternative Dispute Resolution contract, signed by his legal representative who held his power of attorney. The agreement specified mediation followed by arbitration for any disputes arising out of Mr. Forshee's stay at Wind River Rehabilitation. On December 16, 2018, while residing at Wind River Rehabilitation, Mr. Forshee fell and broke his hip. A few weeks later, and after a series of transfers to other facilities for care after the fall, Mr. Forshee died at a hospital in Casper. His wrongful death representative filed this action against Wind River Rehabilitation alleging medical malpractice.

[¶4] The malpractice claim was filed first with the Wyoming Medical Review Panel as a condition precedent to bringing the action in district court, pursuant to Wyo. Stat. Ann. § 9-2-1518(a) (2019), *repealed by* Sess. L. 2021, ch. 99, § 2. Wind River Rehabilitation moved to dismiss the claim, citing the parties' Alternative Dispute Resolution agreement. The Medical Review Panel lacked jurisdiction to review claims subject to arbitration. *See id.* It timely dismissed the claim and authorized the claim to be filed in district court.

[¶5] Mr. Forshee's wrongful death representative filed the Complaint in district court on March 19, 2021. Wind River Rehabilitation cited the arbitration agreement in its Answer as one of several affirmative defenses. It concurrently filed a jury demand and a motion to admit one of its attorneys pro hac vice. A scheduling conference was held in August 2021, and the district court set deadlines including a trial date for February 2023. The parties proceeded to exchange initial disclosures and exchange and respond to initial discovery requests. Two depositions occurred. Activity in the case was otherwise minimal—no motions were filed, and no hearings were held.

[¶6] Almost one year after the scheduling conference, in July 2022, Wind River Rehabilitation moved to compel arbitration under the parties' arbitration agreement. The wrongful death representative opposed the motion, asserting Wind River Rehabilitation

1

waived the right to arbitration by not moving to compel arbitration earlier in the proceedings. While the motion was pending, the parties stipulated to extend certain deadlines. The motion was heard August 9, 2022, and the district court took the matter under advisement.

[¶7] The bulk of the pretrial work in the case file appears after the motion to compel arbitration was heard and while a decision was pending. During this time both parties filed their expert disclosures; Wind River Rehabilitation filed a motion for partial summary judgment; Appellant moved to strike an expert; the district court vacated trial dates to accommodate criminal and juvenile trial settings; and another scheduling conference occurred. The court issued its order denying the motion to compel arbitration in February 2023. It concluded Wind River Rehabilitation waived its right to arbitration by waiting too long before seeking arbitration. This appeal timely follows.

## STANDARD OF REVIEW

[¶8] We review decisions on motions to compel arbitration de novo. *Inman v. Grimmer*, 2021 WY 55, ¶ 9, 485 P.3d 396, 400 (Wyo. 2021) (citation omitted). Waiver is also a question of law subject to de novo review when the underlying facts or circumstances are "admitted or clearly established." *E.g.*, *Verheydt v. Verheydt*, 2013 WY 25, ¶ 21, 295 P.3d 1245, 1250 (Wyo. 2013); *Skaf v. Wyo. Cardiopulmonary Servs., P.C.*, 2021 WY 105, ¶ 13, 495 P.3d 887, 892 (Wyo. 2021); *Scherer v. Schuler Custom Homes Constr.*, 2004 WY 109, ¶ 15, 98 P.3d 159, 163 (Wyo. 2004). No party disputes the underlying facts or circumstances presented in this appeal.

## DISCUSSION

[¶9] Arbitration in Wyoming is governed by the Uniform Arbitration Act. Wyo. Stat. Ann. §§ 1-36-101 to -119 (2023). Arbitration agreements are valid, enforceable, and irrevocable, "save upon such grounds as exist at law or in equity for the revocation of the contract." *Id.* § 1-36-103. There is a preference to enforce arbitration provisions. They are the result of the parties' bargained-for agreement. *Jackson State Bank v. Homar*, 837 P.2d 1081, 1085 (Wyo. 1992). In principle, "alternative dispute resolution allows parties to resolve their differences in a less expensive and more timely manner than traditional litigation does." *Scherer*, 2004 WY 109, ¶ 16, 98 P.3d at 163 (citation omitted). In deference to this policy of encouraging arbitration, we "closely scrutinize" a claim that a party waived its right to arbitration. *Garaman, Inc. v. Willliams*, 912 P.2d 1121, 1126 (Wyo. 1996) (citation omitted).

[¶10] An arbitration provision can be waived expressly or implicitly. *Jackson State Bank*, 837 P.2d at 1086. There are three traditional elements to establish waiver: "(1) an existing right; (2) knowledge of that right; and (3) an intent to relinquish it." *Id.* (citation omitted). Wind River Rehabilitation knew of its right to arbitrate, having raised that right to the

2

Medical Review Panel and as an affirmative defense. The disputed element before us is whether Wind River Rehabilitation manifested an intent to waive that right by waiting fourteen months to compel arbitration.

[¶11] To determine whether a party manifests an intent to relinquish the right to arbitration, we consider factors related to the scope and nature of the underlying litigation including: whether the party seeking arbitration previously took action inconsistent with an intent to arbitrate; unreasonably delayed seeking arbitration; acted in bad faith or with willful misconduct; engaged in extensive discovery that would not be available in arbitration; or created unreasonable expense through continuous litigation prior to seeking arbitration. *Scherer*, 2004 WY 109, ¶ 16, 98 P.3d at 163; *Jackson State Bank*, 837 P.2d at 1088 (citing *Rush v. Oppenheimer & Co.*, 606 F. Supp. 300, 301 (S.D.N.Y. 1985)). Our factors are similar to those applied by other state courts. *E.g.*, *Montana Public Employees' Ass'n v. City of Bozeman*, 343 P.3d 1233, 1237–38 (Mont. 2015) (reviewing the relationship between litigation status and waiver of arbitration in prior cases); *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 574–75 (Tex. 2014) ("[K]ey factors include the reason for delay in moving to enforce arbitration, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits." (citation omitted)); *Waldman v. Old Republic Nat'l Title Ins. Co.*, 12 P.3d 835, 837 (Colo. Ct. App. 2000) (identifying six factors related to the status of the litigation and discovery); *D.M. Ward Const. Co., Inc. v. Electric Corp. of Kansas City*, 803 P.2d 593, 598 (Kan. Ct. App. 1990) (adopting a six-factor test from *Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988)).

[¶12] Mere delay is not enough to manifest waiver of the right to arbitrate. *Jackson State Bank*, 837 P.2d at 1088 (quoting *Keating v. Superior Court of Alameda Cnty.*, 645 P.2d 1192, 1204 (Cal. 1982)); *see also Pledger v. Gillespie*, 982 P.2d 572, 577 (Utah 1999) ("Mere delay is an insufficient basis for waiver of a right to arbitration." (citation omitted)). The more critical inquiry is the breadth of litigation invoked by the party now seeking arbitration and the status of that litigation. *Jackson State Bank*, 837 P.2d at 1088 (quoting *Rush*, 606 F. Supp. at 301); *see also Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (holding that under current federal precedent, a party "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court"); *Richmont Holdings*, 455 S.W.3d at 574–75 ("[A] party waives an arbitration clause by substantially invoking the judicial process . . . whether a party has substantially invoked the judicial process depends on the totality of the circumstances." (citation omitted)).[1]

---

[1] In *Jackson State Bank*, we also considered prejudice to the party opposed to arbitration through the litigation activity. *Jackson State Bank*, 837 P.2d at 1088. *But see Morgan v. Sundance*, 596 U.S. 411, 416–19, 142 S. Ct. 1708, 1712–14, 212 L. Ed. 2d 753 (2022) (holding that in the Federal Arbitration Act context, prejudice is a common law factor no longer to be considered by federal courts). The parties in this case did not ask us to consider prejudice, and we therefore decline to consider it.

[¶13] Our precedent illustrates how the nature and scope of the underlying litigation inform our factor analysis. In *Scherer*, a plaintiff–homeowner filed an action in district court and concurrently offered to stay the action pending arbitration and mediation under a dispute resolution agreement, which the defendant–builder rejected. 2004 WY 109, ¶ 18, 98 P.3d at 163. The same offer was made again by the plaintiff later in the case and remained open for several months until the offer was withdrawn. *Id.* When the defendant–builder sought to compel arbitration at summary judgment, we affirmed the district court's determination that the defendant–builder waived the right by ignoring express invitations to arbitrate earlier in the case and by not moving to compel arbitration at any point. 2004 WY 109, ¶¶ 17–21, 98 P.3d at 163–64. In *Garaman*, a plaintiff–architect filed an action, and the defendant–homeowner moved to dismiss citing an arbitration agreement but then withdrew that motion. 912 P.2d at 1123, 1126. The matter proceeded all the way to a trial and a directed verdict was entered. *Id.* at 1123. On appeal, the defendant–homeowner asserted the matter should have been dismissed and ordered to arbitration. *Id.* at 1126–27. We concluded the homeowner waived the right to arbitrate by withdrawing his request for arbitration earlier in the case and by later affirming to the trial court that the matter should proceed to trial despite the arbitration provision. *Id.*

[¶14] In *Jackson State Bank*, we reached a different conclusion and remanded a matter to arbitration. 837 P.2d at 1089. The case was presented to us after a motion to compel arbitration was denied and discovery was well underway. *Id.* at 1084 (citing Wyo. Stat. Ann. § 1-36-104(a)). Among our other findings, we noted the party seeking arbitration acted with the intent to arbitrate despite needing to go through the steps of pretrial litigation in the absence of a stay; there was no indication of bad faith or willful misconduct; no adjudication of the merits yet occurred that would afford a second bite at the apple if the matter were remanded for arbitration or that suggested the party seeking arbitration was trying to avoid an adverse decision on the merits; and any expenses of discovery were initiated by the party opposing arbitration. *Id.* at 1087–88.

[¶15] In this case, we limit our evaluation of the litigation activity up to the point when the motion to compel arbitration was filed. As a matter of law, this matter should have been stayed once the motion to compel arbitration was filed—the discovery and motions practice after that point should not have occurred. When a party files a motion to compel arbitration and that motion is opposed, the trial court is required to stay the proceedings:

> (a) . . . If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine the issue raised and shall order or deny arbitration accordingly.
>
> . . . .

4

> (c) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration **or an application therefore has been made** or, if the issue is severable, the stay may be with respect thereto only.

Wyo. Stat. Ann. § 1-36-104 (a) and (c) (emphasis added). The mandatory stay would have precluded the expenditure of litigant and judicial resources that occurred while the motion to compel arbitration was pending.

[¶16] Appellees were aware that Wind River Rehabilitation would invoke its right to arbitration as early as the proceedings before the Medical Review Panel. The right to arbitration was again asserted as an affirmative defense in the Answer. Those early filings were consistent with an intent to arbitrate. The litigation activity that followed was limited: the motion to admit pro hac vice counsel was a nominal activity requiring no response by Appellee, and the filing of a jury demand and exchange of initial disclosures were timely required by rule. *See* W.R.C.P. 26 (requiring timely initial disclosures), 38(b)(1) (specifying the deadline to file jury demand). It does not appear from the record that other discovery was extensive. No motions practice or decisions on the merits had yet occurred which could indicate that Wind River Rehabilitation was seeking to avoid an adverse outcome or seeking a different forum. And we find no indication in the record that the delay in filing was willful or in bad faith.

[¶17] We are left only with the lengthy delay of fourteen months before moving to compel arbitration. The district court relied heavily on this factor, measured as sixteen months from the date the Complaint was filed. It found the long delay manifested a desire to waive the right to arbitration, but its analysis balancing that the delay against other factors was limited. We appreciate the heavy weight afforded by the district court to the delay, particularly in light of the judicial resources expended in this case after the motion to compel arbitration was filed. However, delay, even an unreasonable delay, is not enough to establish intent to relinquish the right to arbitration given the nature and scope of litigation that had occurred in this case prior to the motion to compel arbitration. The record does not support a conclusion that Wind River Rehabilitation waived its right to arbitrate.

## *CONCLUSION*

[¶18] We remand this case for entry of an order granting the motion to compel arbitration.

5